Anna G. Huebner et al., Appellants, v. Nikodem Kornajzer et al., Appellees.

Gen. No. 34,550.

Heard in the first division of this court for the first district at the October term, 1930. Opinion filed January 26, 1931. Rehearing denied February 9, 1931.

ERNEST SAUNDERS, for appellants.

SCHUYLER, DUNBAR & WEINFELD, for appellees; HENRY E. JACOBS and GEORGE W. D. LEDERER, of counsel.

MR. JUSTICE O'CONNOR delivered the opinion of the court.

Anna G. Huebner filed her bill of complaint to foreclose a real estate mortgage. Adolph Hammel, the appellee, filed his answer claiming a mechanic's lien on

the premises. The case was referred to a master who took the evidence and made up his report and recommended a decree of foreclosure. He found, however, that Hammel had not complied with the mechanic's lien statute and was not entitled to a lien on the premises as against the complainant, but that he was entitled to a lien on the premises subject to the complainant's mortgage. The chancellor sustained exceptions to the master's report and held that Hammel was entitled to a mechanic's lien to the extent that the improvement made on the real estate, after the recording of complainant's mortgage, had enhanced the value of the premises and found that the improvement enhanced such value more than Hammel's claim, and a decree was entered in the usual form. To reverse this decree the complainant prosecutes this appeal, the contention being that she was entitled to a lien superior to that of the intervening claimant.

In support of her contention complainant argues that the claim filed in the office of the clerk of the circuit court of Cook county was filed by Hammel as assignee of the parties who entered into the contract with the owners of the premises for the construction of a garage on the premises; that the claim filed showed this to be the fact, and further, that it designated the improvement as a *frame garage* while the evidence showed that a brick garage was constructed on the property. It is argued that section 7 of the Mechanics' Lien Act, Cahill's St. ch. 82, ¶ 7, authorizes only the person who enters into the contract for the construction of an improvement to file his verified claim, verified by himself, his agent, or his employee, but that the statute does not authorize a claim to be filed by the assignee of the contractor. Section 8 of the Mechanics' Lien Act, Cahill's St. ch. 82, ¶ 8, provides: "All liens or claims for lien which may arise or accrue under the terms of this act shall be assignable, and

proceedings to enforce such liens or claims for lien may be maintained by and in the name of the assignee, who shall have as full and complete power to enforce the same as if such proceedings were taken under the provisions of this act by and in the name of the lien claimant.'' We think this section gives the assignee the right to file the claim in the office of the clerk of the circuit court as was done in the instant case, and the fact that the claim stated the garage was to be a frame garage while the evidence showed that it was a brick garage, we think immaterial. In these circumstances we think the decree was right in awarding the claimant a superior lien because section 16 of the Mechanics' Lien Act expressly so authorizes.

But the claimant further contends that the allowance of the lien was unwarranted because the grantors covenanted in the trust deed which plaintiff was foreclosing ''not to suffer any mechanic's lien or other liens to attach to said premises.'' We think this covenant is but one of the covenants in the trust deed which, if broken by the grantors, would permit the owner of the indebtedness to foreclose. It in no way prevented the claimant here from having his lien if he were otherwise entitled to it.

Complainant also contends that section 16 of the Mechanics' Lien Act is unconstitutional because ''It impairs the obligation of contracts in derogation of the constitutional provision.'' Numerous decisions have held that any constitutional question is waived by appealing to this court.

The defendant, Hammel, has assigned cross errors and contends that the chancellor erred in sustaining complainant's demurrer to his cross-bill by which he sought to make the parties interested in two prior mortgages on the real estate involved, parties to the proceeding, and in striking Hammel's intervening petition, and in denying Hammel's motion to consolidate the instant suit with another suit brought by Hammel

in the superior court of Cook county to foreclose his mechanic's lien. We think none of these questions is before us. These rulings of the court were made some time before the final decree appealed from was entered. Claimant prayed for an appeal from the order of the court sustaining the demurrer to his cross-bill and dismissing it, but he did not perfect the appeal. The matters contended for in this respect by claimant are not involved in the decree and therefore he is in no position to assign cross errors. *Oliver v. Wilhite,* 201 Ill. 552; *McCreery v. Burnsmier,* 293 Ill. 43.

The decree of the superior court of Cook county is affirmed.

*Affirmed.*

MATCHETT, P. J., and McSURELY, J., concur.