RONNING ENGINEERING COMPANY, INC., Plaintiff-Appellant, v. ADAMS PRIDE ALFALFA CORPORATION *et al.*, Defendants (River Forest State Bank and Trust Company, as trustee, *et al.*, Defendants-Appellees).

Fourth District   No. 4—88—0707

Opinion filed April 13, 1989.

William M. McCleery, Jr., of Schmiedeskamp, Robertson, Neu & Mitchell, of Quincy, for appellant.

James L. Palmer, of Scholz, Staff & Palmer, of Quincy, for appellee River Forest State Bank and Trust Company.

James L. Palmer, of Scholz, Staff & Palmer, of Quincy, and Robert B. Oxtoby, of Van Meter, Oxtoby & Funk, of Springfield, for appellee Illinois National Bank of Springfield.

JUSTICE SPITZ delivered the opinion of the court:

Plaintiff Ronning Engineering Company, Inc., filed a complaint in the circuit court of Adams County, to foreclose a mechanics' lien and to obtain a money judgment for services rendered, against defendants Adams Pride Alfalfa Corporation (Adams Pride), River Forest State Bank and Trust Company (River Forest), Illinois National Bank of Springfield (INB), the County of Adams, Continental Cement Company (Continental Cement), and unknown owners. Motions to dismiss were subsequently filed by several of the defendants. (Ill. Rev. Stat. 1987, ch. 110, pars. 2—615, 2—619.) The trial court dismissed the complaint after a hearing and granted plaintiff leave to amend.

Plaintiff then filed a two-count amended complaint against the

aforementioned defendants on July 15, 1988. Count I of the complaint sought to foreclose a mechanics' lien against the defendants. Count I alleged the following. The plaintiff was a corporation located in Overland Park, Kansas, engaged in the business of providing professional engineering services. Defendant Adams Pride was the owner of certain real estate in Adams County, Illinois. On or about July 1, 1986, the plaintiff entered into a verbal contract with Adams Pride to furnish professional engineering services in connection with the construction of a manufacturing facility for Adams Pride on the Adams County real estate. Pursuant to the verbal contract, Adams Pride agreed to pay the plaintiff for services rendered. On or about August 12, 1987, the plaintiff completed all that was required to be done under the verbal contract, at which time Adams Pride owed the plaintiff $25,749.40 for plaintiff's services.

Count I further alleged that the plaintiff had frequently demanded that Adams Pride pay the balance due but that it refused to do so and therefore the plaintiff filed a claim for mechanics' lien against Adams Pride on November 30, 1987. Count I also alleged that Adams County, River Forest, and INB claimed an interest in the above real estate pursuant to a mortgage and security agreement dated June 1, 1986, and filed July 1, 1986. Further, the real estate was subject to an assignment of rents and leases entered into by Adams Pride, Adams County, River Forest, and INB, which was dated June 1, 1986, and filed July 1, 1986. Finally, Continental Cement claimed an interest in the real estate by virtue of a mechanics' lien filed February 7, 1987, and amended February 27, 1987.

Count II of the complaint sought the entry of a money judgment for the amount allegedly due and owing for services rendered by the plaintiff under the aforementioned verbal contract.

Attached to the complaint was plaintiff's claim for a mechanics' lien against Adams Pride. The claim for lien contained a description of the tract of land in question and the balance due after allowing all credits. The claim for lien also stated:

> "That on or about September 20, 1985 [the plaintiff] made and entered into a written contract with said Owner to furnish professional engineering services for a feasibility study for an alfalfa processing plant based on the use of the owner's natural gas resources. A copy of the contract is attached hereto and made a part hereof. The owner requested continuing professional engineering services on the same terms to design a manufacturing facility on said real estate.
>
> That on or about August 12, 1987, [the plaintiff] completed

all that was required to be done by it under said contract and the continued professional services."

Attached thereto was a "proposal" by the plaintiff to perform services. The proposal was dated September 4, 1985, and was directed to "L. & A. Energy, Inc.—Attn: Mr. Tom Logan—Adams County Joint Venture." The document indicated, *inter alia*, that the plaintiff would accomplish a feasibility study for an alfalfa processing plant within 30 days of the receipt of a purchase order and downpayment. The document further stated, "Price F.O.B. Manufacturer: Not to Exceed $5,000.00 plus travel expenses." The proposal was accepted and executed by Clement Stone on behalf of Adams County joint venture and Richard L. Ronning on behalf of the plaintiff, on September 11, 1985. On top of Stone's signature was a stamp bearing the following notation: "received—Sep 20 1985—Clement Stone Office of the President." Also attached was a "Fee and Invoice Schedule," outlining the plaintiff's charges for consulting and engineering services.

On August 5, 1988, River Forest and INB filed a motion to dismiss or, in the alternative, for judgment on the pleadings on count I of plaintiff's complaint. (Ill. Rev. Stat. 1987, ch. 110, pars. 2—615, 2—619.) The motion alleged that plaintiff's claim for mechanics' lien was defective in that it: (1) failed to make any mention of the verbal contract of July 1, 1986, alleged in plaintiff's complaint, and (2) referred to and incorporated a written contract dated September 4, 1985. The motion further alleged that the written contract referred to in the mechanics' lien claim: (1) was not signed by Adams Pride, the alleged owner of the real estate; (2) limited the obligation under the contract to $5,000 plus travel expenses; and (3) involved services which did not come within the meaning of the Mechanics' Liens Act (Act) (Ill. Rev. Stat. 1987, ch. 82, par. 1 *et seq.*) and are incapable of being secured by a mechanics' lien.

After a hearing, the trial court granted the motion to dismiss (Ill. Rev. Stat. 1987, ch. 110, par. 2—619). In its written order of dismissal, filed August 25, 1988, the trial court found that count I of plaintiff's complaint was deficient as a matter of law in that it failed to strictly comply with the requirements of section 7 of the Act (Ill. Rev. Stat. 1987, ch. 82, par. 7). The court entered a finding of no just reason to delay enforcement or appeal pursuant to Supreme Court Rule 304(a) (107 Ill. 2d R. 304(a)). Plaintiff now appeals from the trial court's order of dismissal as to River Forest and INB.

Plaintiff argues on appeal that its claim for a mechanics' lien substantially complied with all the requirements of section 7 of the Act (Ill. Rev. Stat. 1987, ch. 82, par. 7), and was therefore enforceable

against third-party defendants River Forest and INB. Specifically, plaintiff contends that its claim for lien contained a "brief statement of the contract" between the owner and the contractor upon which the lien claim was based, as required by section 7. Plaintiff asserts that the claim for lien contained a description of a written contract entered into on September 20, 1985, by the plaintiff and Adams Pride. Plaintiff acknowledges that this description "contains an error" as the written contract was actually between the plaintiff and Adams County joint venture. Plaintiff argues, however, that the claim for lien identified Adams Pride as the owner and stated that Adams Pride requested continuing professional engineering services from the plaintiff on the same terms as those in the written contract. Plaintiff further argues that the claim for lien stated the plaintiff had completed the work required under the written contract and the continuing professional services and that the amount due by Adams Pride for the services rendered was $25,749.40. Plaintiff concludes that the claim for lien, read as a whole, substantially complied with section 7 of the Act because "in essence" it described a "written contract between [plaintiff] and Adams County Joint Venture for a feasibility study for an alfalfa processing plant, subsequently request [sic] by Adams Pride that [plaintiff] continue to provide professional engineering services to it for the construction and manufacturing facility and the performance of the requested service for which it has not yet been compensated."

Defendants River Forest and INB argue that plaintiff's claim for a mechanics' lien was facially defective because it did not contain a brief statement of the contract as required by section 7 of the Act and thus was unenforceable. Defendants argue that the claim for lien contained material contradictions and was internally inconsistent. In particular, defendants point out that the claim for lien stated that on September 20, 1985, the plaintiff entered into a written contract with Adams Pride, as owner, for a feasibility study. Defendants note, however, that the September 20, 1985, written contract, attached to and incorporated in the claim for lien, was between the plaintiff and Adams County joint venture—not Adams Pride. Defendants also assert that the claim made no mention of a July 1, 1986, verbal contract between plaintiff and Adams Pride which was alleged in plaintiff's complaint for foreclosure on the mechanics' lien. Defendants conclude that the plaintiff relied upon the wrong contract to support its lien.

■ Motions to dismiss a pleading admit facts well pleaded but not conclusions unsupported by allegations of specific facts upon which such conclusions rest. (*Burke v. Sky Climber, Inc.* (1974), 57 Ill. 2d

542, 316 N.E.2d 516; *People ex rel. Lee v. Kenroy, Inc.* (1977), 54 Ill. App. 3d 688, 370 N.E.2d 78.) In determining the propriety of a dismissal of a complaint or portions thereof based upon a motion to dismiss, the appellate court is concerned only with questions of law presented by the pleadings. *Fancil v. Q.S.E. Foods, Inc.* (1975), 60 Ill. 2d 552, 328 N.E.2d 538; *Circle Security Agency, Inc. v. Ross* (1981), 99 Ill. App. 3d 1111, 425 N.E.2d 1283.

Count I of plaintiff's amended complaint, which was dismissed by the trial court on motion by the defendants, sought to foreclose plaintiff's mechanics' lien. This appeal concerns the sufficiency of the plaintiff's "statement of the contract" contained in plaintiff's claim for a mechanics' lien. Section 1 of the Act provides that any person who, under a contract with the owner of a lot or tract of land, furnishes labor, materials, or fixtures for the construction, alteration, or repair of the property "is known under this Act as a contractor, and has a lien upon the whole of such lot or tract of land." (Ill. Rev. Stat. 1987, ch. 82, par. 1.) This lien attaches as of the date of the contract, but the lien is unenforceable against third parties unless the contractor strictly complies with section 7, which provides in part:

> "No contractor shall be allowed to enforce such lien against or to the prejudice of any other creditor or incumbrancer or purchaser, unless within 4 months after completion \*\*\* he or she shall either bring an action to enforce his or her lien therefor or shall file in the office of the recorder of the county in which the building, erection or other improvement to be charged with the lien is situated, a claim for lien, verified by the affidavit of himself or herself, or his or her agent or employee, *which shall consist of a brief statement of the contract, the balance due after allowing all credits, and a sufficiently correct description of the lot, lots or tracts of land to identify the same.*" (Emphasis added.) Ill. Rev. Stat. 1987, ch. 82, par. 7.

See also *Steinberg v. Chicago Title & Trust Co.* (1986), 142 Ill. App. 3d 601, 491 N.E.2d 1294.

As mechanics' liens were not recognized by the common law or in equity, but exist only by virtue of statutes creating them and providing a method for their enforcement, those statutes must be strictly construed with reference to the requirements upon which the right depends. (*First Federal Savings & Loan Association v. Connelly* (1983), 97 Ill. 2d 242, 454 N.E.2d 314; *Schmidt v. Anderson* (1911), 253 Ill. 29, 97 N.E. 291.) A mechanics' lien is valid only if each of the statutory requirements is scrupulously observed. (*Connelly,* 97

Ill. 2d 242, 454 N.E.2d 314.) The burden of proving that each requisite has been satisfied is on the party seeking to enforce the lien. (*Edward Electric Co. v. Automation, Inc.* (1987), 164 Ill. App. 3d 547, 518 N.E.2d 172.) Once the contractor has complied with the statutory prerequisites, the Act is to be liberally construed in order to carry out its remedial purpose. (Ill. Rev. Stat. 1987, ch. 82, par. 39.) The supreme court has recognized that the purpose of the Act is to permit a lien upon premises where a benefit has been received by the owner and where the value or condition of the property has been increased or improved by reason of the furnishing of such labor and materials. *Connelly,* 97 Ill. 2d 242, 454 N.E.2d 314; *Colp v. First Baptist Church* (1930), 341 Ill. 73, 173 N.E. 67.

■ An examination of the claim for mechanics' lien in the case at bar clearly reveals that it does not comply with the requirements of section 7. The claim for lien described the tract of land covered in the claim, recited the balance due on the contract, and was verified. However, it did not contain a sufficient "brief statement of the contract." (Ill. Rev. Stat. 1987, ch. 82, par. 7.) Indeed, plaintiff's claim for lien described the wrong contract. Count I of plaintiff's complaint alleged that the claim for mechanics' lien was based upon a verbal contract entered into on July 1, 1986, between the plaintiff and Adams Pride. However, the mechanics' lien claim described the contract forming its basis as a written contract entered into on September 20, 1985, between the plaintiff and the owner, Adams Pride. Attached to and incorporated in the claim for lien was a written contract, dated September 20, 1985, entered into between the plaintiff and Adams County joint venture—not Adams Pride. In view of the foregoing, it cannot be said that the plaintiff's mechanics' lien claim contained a sufficient statement of the contract forming the basis of the claims. Hence, plaintiff's mechanics' lien claim failed to comply with the requirements of section 7 and was therefore unenforceable. Accordingly, the trial court properly dismissed count I of plaintiff's complaint which sought to foreclose the mechanics' lien.

For the reasons stated, the judgment of the circuit court of Adams County is affirmed.

Affirmed.

LUND and GREEN, JJ., concur.