CANDICE COMPANY, INC., Plaintiff-Appellant, v. LAVON L. RICKETTS *et al.*, Defendants-Appellees.

First District (6th Division)   No. 1—94—4164

Opinion filed May 17, 1996.

William P. Danna, of Riverside, and Robert Sklodowski, of Sklodowski, Franklin, Puchalsk & Reimer, of Chicago, for appellant.

Joel A. Brodsky of Brodsky & Hoxha, and Vincent DiPiero, of Serpico, Novelle & Navigato, all of Chicago, for appellees.

JUSTICE EGAN delivered the opinion of the court:

The plaintiff, Candice Company, filed a complaint against the defendants to foreclose a mechanics lien it claimed against property at 1033 Marshall Avenue in Bellwood. Pursuant to the defendants' motion to dismiss, the judge dismissed all counts of the plaintiff's complaint with prejudice. On October 24, 1994, the judge denied the plaintiff's motion to reconsider this ruling.

According to the plaintiff's second-amended complaint, it is a corporation "engaged in the business of making loans for home repair, remodeling and construction." On August 6, 1992, defendants LaVon L. Ricketts and Trina Ann Malone entered into a contract with Father and Sons, Inc., to remodel the basement of 1033 Marshall. Father and Sons was a corporation in the business of home repairs, remodeling and construction. On September 16, 1992, Malone and Ricketts executed a written authorization for Father and Sons to perform extra work on the basement. At the time the contract and extra work authorization were executed, Shila and Chandra Dwivedi owned 1033 Marshall. The plaintiff alleged that Ricketts and Malone, who were leasing the premises, contracted with Father and Sons with the knowledge and authorization of the Dwivedis.

Father and Sons completed the work on the basement by October 16, 1992. The plaintiff became the "assignee of Father and Sons, Inc. Mechanic's Lien rights under the [August 6, 1992,] contract," and filed a lien claim with the Cook County recorder of deeds. The plaintiff sent copies of the lien claim to Ricketts and Malone. On July 30, 1993, the Dwivedis sold 1033 Marshall to defendants Carl A. Williams and Earlene Hines-Williams.

There were several exhibits to the plaintiff's second-amended complaint, including a copy of its lien claim. The lien claim stated in relevant part:

"The claimant, Candice Co. *** hereby files a claim for lien against LaVon L. Ricketts & Trina Ann Malone & any unknown other owners (hereinafter referred to as 'owner') ***.

That on August 6, 1992, the owner owned [1033 Marshall Avenue] ***.

\* \* \*

That on August 6, 1992, the claimant made a contract with said owner LaVon L. Ricketts & Trina Ann Malone and any other unknown owners to [r]emodel basement \*\*\*.

\* \* \*

That said owner is entitled to credits \*\*\* [of] $1,000.00 \*\*\* leaving due, unpaid and owing to the claimant, after allowing all credits, the balance of Four Thousand Dollars \*\*\* for which, with interest, the claimant claims a lien on said land and improvements."

This lien claim was signed and notarized on September 10, 1992.

Other exhibits to the second-amended complaint included an August 6, 1992, contract for basement remodeling in the amount of $4,650 and the extra work authorization, dated September 16, 1992. In addition, the plaintiff attached a retail installment contract, dated September 16, 1992, between Father and Sons and Ricketts and Malone. The retail installment contract provided that, in exchange for "[b]asement remodeling work," Ricketts and Malone agreed to pay $770 in cash and $6,160 in installment payments. Another exhibit was a note, dated September 16, 1992, that Ricketts gave to Candice Company in exchange for a loan of $6,160.

Based on these allegations and exhibits, the plaintiff asserted in the first count of its complaint that it was entitled to a mechanics lien against 1033 Marshall under the Mechanics Lien Act (770 ILCS 60/0.01 et seq. (West 1992)). It asked the judge for an accounting of the amounts the defendants owed it, for a decree that it was entitled to a mechanics lien, for a receiver to be appointed to the premises, for the premises to be sold to satisfy the lien, if necessary, and for a decree that the defendants be personally liable for any amounts that the plaintiff was unable to recover through the sale of the property.

In addition to this first count for foreclosure of its mechanics lien, the plaintiff's complaint contained three other counts against the defendants. Count II was a breach of contract claim against Ricketts. Count III was an unjust enrichment claim against Ricketts, Malone, First Federal Savings Bank of Proviso Township (First Federal), the Williamses, Midwest Funding Corporation (Midwest), Norwest Mortgage (Norwest), nonrecord claimants and unknown other owners. Count IV was a fraudulent conveyance claim against the Dwivedis, Ricketts, Malone and Greater Illinois Title.

On July 13, 1994, the judge entered an order dismissing all counts of the plaintiff's second-amended complaint with prejudice. On October 24, 1994, the judge denied the plaintiff's motion to reconsider this ruling. The record contains the motion to reconsider

but no record of proceedings or report under Supreme Court Rule 323 (134 Ill. 2d R. 323) of the hearing on this motion to reconsider. The defendants maintain that the absence of the report of proceedings at the hearing on the motion to reconsider is fatal to the plaintiff's appeal. We disagree. The motion to dismiss concerned only questions of law, which we review *de novo. Crespo v. Weber Stephen Products Co.*, 275 Ill. App. 3d 638, 656 N.E.2d 154 (1995); *Metrick v. Chatz*, 266 Ill. App. 3d 649, 639 N.E.2d 198 (1994). The report of proceedings would contain only the arguments of counsel and the remarks of the judge, none of which would be controlling in our determination of a question of law.

■ We will first examine the judge's decision to dismiss count I of the plaintiff's complaint, in which it alleged that it was entitled to foreclose a mechanics lien on 1033 Marshall. The plaintiff claims that it was entitled to a lien against 1033 Marshall because it received a valid assignment of a contractor's lien rights under section 8 of the Mechanics Lien Act, which provides:

> "All liens or claims for lien which may arise or accrue under the terms of this act shall be assignable, and proceedings to enforce such liens or claims for lien may be maintained by and in the name of the assignee, who shall have as full and complete power to enforce the same as if such proceedings were taken under the provisions of this act by and in the name of the lien claimant." 770 ILCS 60/8 (West 1992).

The defendants respond that the plaintiff was not entitled to a lien because it was not a contractor under section 1 of the Mechanics Lien Act (770 ILCS 60/1 (West 1992)), which provides that "contractors" are entitled to liens under the Act.

The plaintiff does not argue that it is a contractor under the Act. This court has held, however, that an assignee of a contractor may file a lien claim. *Huebner v. Kornajzer*, 259 Ill. App. 540 (1931). The plaintiff's lien claim, therefore, depends on Father and Sons' assignment to the plaintiff of its mechanics lien.

The plaintiff failed to attach this assignment to any of its complaints or recite the language of the assignment in its complaints, despite the requirement in section 2—606 of the Illinois Code of Civil Procedure that "[i]f a claim or defense is founded upon a written instrument, a copy thereof, or of so much of the same as is relevant, must be attached to the pleading as an exhibit or recited therein" (735 ILCS 5/2—606 (West 1992)).

The record discloses that the plaintiff filed its lien claim before Father and Sons assigned its mechanics lien. The record contains a copy of the filed lien claim. This copy has a notation that indicates

the lien claim was filed in the Cook County recorder's office at 1:18 p.m. on September 18, 1992, and was assigned the number 92— 692597. (The copy of the lien claim the plaintiff attached to its second-amended complaint does not appear to be a copy of the filed lien claim because there is no filing mark from the Cook County recorder's office on it.) The assignment, which is dated September 17, 1992, refers to this number. The plaintiff admits that the assignment could not have referred to this number unless the lien had been filed before the assignment was drafted. It is obvious that the assignment was misdated.

We are convinced that the record establishes that the plaintiff filed its lien claim before Father and Sons assigned its lien rights to the plaintiff. The defendants maintain that the lien, therefore, is defective. Although the defendants cite no authority for their position, we find their argument appealing. But because we have determined that the lien was defective for another reason, we need not decide whether the fact that the lien claim was made before the assignment renders the lien unenforceable.

■ We note that, after the assignment was executed, the plaintiff had the opportunity to amend its lien claim under section 7, which allows a lien claimant to amend its claim as to an owner any time before final judgment. 770 ILCS 60/7 (West 1992). The plaintiff did not amend its lien claim after the assignment was executed, although it had several months to do so, given that the Dwivedis did not sell 1033 Marshall to the Williamses until July 1993. Now that a third party owns 1033 Marshall, the plaintiff may not amend its lien claim. See *Federal Savings & Loan Insurance Corp. v. American National Bank & Trust Co.*, 115 Ill. App. 3d 426, 450 N.E.2d 820 (1983).

We agree with the defendants that the lien claim was defective in another respect. The defendants argue that the plaintiff's lien failed to comply with the section 7 requirement that it contain a "brief statement of the contract." The defendants assert that the lien described the wrong contract.

The lien claim names Candice as the "claimant" and states that "on August 6, 1992, the claimant made a contract with said owner LaVon L. Ricketts & Trina Ann Malone and any other unknown owners to [r]emodel basement." The August 6, 1992, contract, however, indicates that Candice was not a party to the August 6 contract to remodel the basement at 1033 Marshall. Instead, Father and Sons, Ricketts and Malone were the parties to this contract.

In a similar case, *Ronning Engineering Co. v. Adams Pride Alfalfa Corp.*, 181 Ill. App. 3d 753, 537 N.E.2d 1032 (1989), the court held that a judge properly dismissed a plaintiff's mechanics lien fore-

closure claim because the lien contained an erroneous description of the contract. The plaintiff had filed a complaint to foreclose a mechanics lien for engineering services it had performed for Adams Pride Alfalfa Corporation. In the complaint, the plaintiff alleged that it had performed the work on which the lien was based pursuant to a July 1986 verbal contract with Adams Pride. The plaintiff's lien claim, however, described the contract giving rise to the lien as a written contract, dated September 20, 1985, between the plaintiff and Adams Pride. A contract dated September 20, 1985, was attached to the lien, but the plaintiff and Adams County joint venture, rather than Adams Pride, were the parties to this contract. The *Ronning* court concluded that, based on these facts, the lien was invalid because it did not contain a sufficient statement of the contract forming the basis of the claims. *Ronning*, 181 Ill. App. 3d at 759.

■ Similarly, in the case before us, the lien does not contain an accurate description of the contract. Like the lien claim in *Ronning*, the lien claim in this case incorrectly describes the parties to the contract on which the lien is purportedly based, and, therefore, does not meet the requirements of section 7.

We think that the fact that the claim describes the contract incorrectly is sufficient to render the lien unenforceable. This result is mandated by the strict compliance the Mechanics Lien Act requires for its statutory requirements, and the even stricter compliance that is warranted when a third party's interest, such as the Williamses', is at stake.

Based on this defect in the plaintiff's lien claim, we think that the lien is unenforceable, and we need not consider the plaintiff's remaining arguments in support of the enforceability of its lien claim. The plaintiff argues that its description of the "owner" in the lien claim was sufficient; that, even though the Dwivedis were not parties to the contract with Father and Sons, the lien was against their interest in 1033 Marshall; and that its mechanics lien foreclosure claim was not barred by a breach of contract judgment it obtained against Ricketts. Even if we accepted all of these arguments, we would nevertheless be required to find the lien claim unenforceable because of the erroneous description of the contract in the lien claim.

The judge dismissed all counts of the plaintiff's complaint, but the plaintiff makes no argument in its brief that the judge erred by dismissing count II, III or IV of the complaint. The plaintiff has,

therefore, waived any argument on appeal with respect to those counts. See 155 Ill. 2d R. 341(e)(7).

Judgment affirmed.

ZWICK, P.J., and McNAMARA, J., concur.