Docket No. 82525–Agenda 7–January 1998.

THE DEPARTMENT OF CENTRAL MANAGEMENT SERVICES 
et al.
, Appellants, v. AMERICAN FEDERATION OF STATE, COUNTY AND MUNICIPAL EMPLOYEES, Appellee.

 Filed April 16, 1998.

JUSTICE HARRISON delivered the opinion of the court:

This appeal arose from an order of the circuit court of Morgan County dismissing as untimely a petition to vacate an arbitration award entered pursuant to a collective-bargaining agreement governed by the Illinois Public Labor Relations Act (5 ILCS 315/1 
et seq.
 (West 1994)). The order was affirmed by the appellate court (284 Ill. App. 3d 963), and we granted leave to appeal (166 Ill. 2d R. 315). After reviewing the record and the applicable law, we have determined that the appellate court's judgment must be vacated and the appeal dismissed for lack of jurisdiction.

The record before us shows that Bill McGownd was employed by the Illinois Department of Mental Health and Developmental Disabilities (the Department) as a mental health technician II. McGownd's employment was subject to a collective-bargaining agreement governed by the Illinois Public Labor Relations Act. Pursuant to section 8 of that statute (5 ILCS 315/8 (West 1994)), the grievance and arbitration provisions of the collective-bargaining agreement were subject to the Illinois Uniform Arbitration Act (710 ILCS 5/1
 et seq
. (West 1994)).

In 1994 the Department discharged McGownd. The American Federation of State, County and Municipal Employees (AFSCME) filed a grievance on his behalf. The matter proceeded to arbitration in accordance with the provisions of the Uniform Arbitration Act. An arbitrator sustained the grievance based on the Department's failure to abide by the “prompt discipline” provisions of the parties' collective-bargaining agreement. The arbitrator's award ordered that McGownd be reinstated and made whole for his losses.

The award was issued on April 3, 1995, and was received by the Department on April 6. On July 6, 91 days later, the Department and the Department of Central Management Services (hereinafter referred to collectively as defendants) filed an application in the circuit court of Morgan County asking that the award be vacated. The application was predicated on sections 12 and 13 of the Uniform Arbitration Act (710 ILCS 5/12, 13 (West 1994)).

 Section 12(b) of the Uniform Arbitration Act (710 ILCS 5/12(b) (West 1994)) provides that an application to vacate an award “shall be made within 90 days after delivery of a copy of the award to the applicant,” except under circumstances not present here. Because the application in this case was not filed until the 91st day following its receipt, AFSCME filed a motion under section 2–619 of the Code of Civil Procedure (735 ILCS 5/2–619 (West 1994)) seeking dismissal of that application on the grounds that it was untimely. AFSCME further requested that the arbitrator's award be confirmed.

The circuit court denied the application to vacate, agreeing with AFSCME that the application had not been filed within the time limited by law. Defendants appealed from that order, invoking the first clause of section 12(e) of the Uniform Arbitration Act (710 ILCS 5/12(e) (West 1994)), which states:

“Nothing in this Section or any other Section of this Act shall apply to the vacating, modifying, or correcting of any award entered as a result of an arbitration agreement which is a part of or pursuant to a collective bargaining agreement ***.”

According to defendants, this provision removed the Department's application to vacate from the 90-day deadline established by section 12(b). They asserted that their application was governed instead by section 13–205 of the Code of Civil Procedure (735 ILCS 5/13–205 (West 1994)), which provides, in part, that “actions *** on awards of arbitration *** shall be commenced within 5 years next after the cause of action accrued.”

The appellate court rejected defendants' argument. It held that the 90-day application period set forth in section 12(b) of the Uniform Arbitration Act was controlling under section 8 of the Illinois Public Labor Relations Act (5 ILCS 315/8 (West 1994)), that section 8 superseded the first clause of section 12(e) of the Uniform Arbitration Act, and that section 13–205 of the Code of Civil Procedure was inapplicable by its terms and as a matter of public policy. Accordingly, the appellate court affirmed the order of the circuit court dismissing as untimely defendants' application to vacate the arbitration award. 284 Ill. App. 3d at 967-70.

The appellate court's decision conflicted with 
Hyatte v. Quinn
, 239 Ill. App. 3d 893 (1993), an appellate court opinion that relied upon authority predating enactment of the Illinois Public Labor Relations Act. We granted defendants' petition for leave to appeal in order to resolve this conflict and to settle the question of whether applications to vacate arbitration awards entered pursuant to collective-bargaining agreements governed by the Illinois Public Labor Relations Act are subject to the 90-day period set forth in section 12(b) of the Uniform Arbitration Act.

After the issues were brief and argued, this court discovered a jurisdictional defect that is fatal to appellate review of the circuit court's order. The law is well established that unless specifically authorized by the rules of this court, the appellate court has no jurisdiction to review judgments, orders or decrees which are not final. 
Almgren v. Rush-Presbyterian-St. Luke's Medical Center
, 162 Ill. 2d 205, 210 (1994). Where the appellate court has considered the merits of a case when it had no jurisdiction to do so, we must vacate that court's judgment and dismiss the appeal. This is so even though the jurisdictional defect has not been raised by the parties, for as with any court of review, we have an independent duty to ensure that appellate jurisdiction is proper.
 Franson v. Micelli
, 172 Ill. 2d 352, 355 (1996).

The order at issue in this case is not final. A final order or judgment is a determination by the court on the issues presented by the pleadings which ascertains and fixes absolutely and finally the rights of the parties to the litigation. 
Towns v. Yellow Cab Co.
, 73 Ill. 2d 113, 119 (1978). In a normal civil case, the involuntary dismissal of an action pursuant to section 2–619(a)(5) of the Code of Civil Procedure on the grounds that the action was not commenced within the time limited by law operates as an adjudication on the merits (134 Ill. 2d R. 273) and constitutes a final judgment (see, 
e.g.
, 
Rein v. David A. Noyes & Co.
, 172 Ill. 2d 325, 336 (1996)). Although AFSCME invoked section 2–619 here, it did so in the context of opposing the application filed by defendants under section 12 of the Uniform Arbitration Act to have the arbitration award vacated. The provisions of that statute make clear that the circuit court's order disposing of AFSCME's motion was not final.

By granting AFSCME's motion, the circuit court's order denied the application to vacate. The denial of an application to vacate is not the final step in a Uniform Arbitration Act proceeding. If the application to vacate is denied, the award may still be subject to modification or correction. If no motion to modify or correct the award is pending when the application to vacate is denied, an order must then be granted by the court confirming the award. 710 ILCS 5/12(d) (West 1994). Only after the court grants such an order, or orders that the award be modified or corrected, is judgment finally entered. 710 ILCS 5/14 (West 1994).

The record before us shows that these subsequent steps were never taken. Although AFSCME requested that the arbitrator's award be confirmed upon denial of the application to vacate, the circuit court never granted an order confirming the award and never entered judgment in conformity with the award, as sections 12 and 14 of the Uniform Arbitration Act require. Accordingly, there is no final judgment in this case sufficient to sustain appellate jurisdiction. The circuit court's order remains interlocutory and does not fall within any of this court's rules authorizing interlocutory appeals.

For the foregoing reasons, the appellate court had no jurisdiction to decide this case. The appellate court's judgment is therefore vacated, and the appeal is dismissed.

Appellate court judgment vacated;

appeal dismissed.