MARTIN L. BALE, d/b/a Bale Excavating and Farm Drainage, Plaintiffs-Appellants, v. WILLIAM F. BARNHART *et al.*, Defendants-Appellees.

Fourth District    No. 4—02—0729

Opinion filed July 18, 2003.—Rehearing denied November 18, 2003.

Douglas A. Muck, of Muck & Muck, of Lincoln, for appellants.

Barbara Snow Mirdo, of Thielen Law Offices, of Bloomington, for appellees.

JUSTICE KNECHT delivered the opinion of the court:

Plaintiff Martin L. Bale, d/b/a Bale Excavating and Farm Drainage, filed suit against defendants, William F. Barnhart, Maridel L. Barnhart, and Huntington Mortgage Company (Huntington), seeking to foreclose a mechanic's lien. Defendants separately moved to dismiss

the complaint under section 2—619 of the Code of Civil Procedure (Code) (735 ILCS 5/2—619 (West 2002)). The circuit court held the claim for lien improperly described the claimant as Carla Bale and granted the defendants' motions.

Bale appeals and argues (1) the claim for lien was proper; and (2) the complaint nevertheless perfected the lien. In a combined appellee brief, defendants contend the appeal is premature and this court lacks jurisdiction. We agree in part. We dismiss as untimely the appeal of the order granting the Barnharts' motion to dismiss, and we affirm the order granting Huntington's motion to dismiss.

## I. BACKGROUND

Bale filed his complaint on September 19, 2001. According to the complaint, Bale and the Barnharts verbally contracted for Bale to create a one-acre pond on the Barnharts' property. Bale completed his contractual obligations and services on September 30, 2000. The fair market value of the services and the building materials provided by Bale to the Barnharts was at least $8,540.82.

The complaint further alleges Huntington held a mortgage lien on the Barnharts' property, where Bale performed his services. Bale asserts his lien has priority over this mortgage lien.

Attached to the complaint is a copy of the claim of lien, pursuant to section 7 of the Mechanics Lien Act (Act) (770 ILCS 60/7 (West 2000)), filed in the McLean County recorder's office on October 13, 2000.

On March 13, 2002, the Barnharts moved to dismiss the complaint under section 2—619 of the Code (735 ILCS 5/2—619 (West 2002)). The Barnharts argued, in part, the complaint is deficient because the claim for lien failed to comply with the requirements of the Act and the lien was thus not perfected. Following a hearing on April 22, 2002, the circuit court agreed with the Barnharts and granted the motion to dismiss. On May 21, 2002, Bale moved for reconsideration and rehearing. The court, on August 7, 2002, denied Bale's motion to reconsider. On August 12, 2002, Bale moved for specific findings and clarification.

On June 24, 2002, Huntington moved to dismiss the complaint. Later, on August 19, 2002, Huntington moved for immediate dismissal. The circuit court agreed with Huntington and granted the motion on August 29, 2002. On that same date, the circuit court denied Bale's motion to clarify. In its order granting Huntington's motion to dismiss and denying the motion for clarification, the circuit court found "no just cause to delay either enforcement or appeal or both of this [o]rder."

Bale filed notice of appeal on September 6, 2002. On September

23, 2002, the Barnharts moved to recover attorney fees under section 17 of the Act. 770 ILCS 60/17 (West 2002).

## II. ANALYSIS

### A. Appellate Jurisdiction

Bale appeals the orders dismissing his complaint and denying his motion to reconsider the dismissal of the complaint against the Barnharts.

In their jurisdictional statement, defendants dispute Bale's contention this court has jurisdiction under Illinois Supreme Court Rule 303 (155 Ill. 2d R. 303). Defendants contend jurisdiction, if any, exists under Rule 304(a) (155 Ill. 2d R. 304(a)). In their brief, however, defendants cite no case law or make any additional argument. Bale did not respond.

■ Despite counsel's failure to brief the issue, we "have an independent duty to ensure that appellate jurisdiction is proper." *Department of Central Management Services v. American Federation of State, County & Municipal Employees*, 182 Ill. 2d 234, 238, 695 N.E.2d 444, 446 (1998). Here, two orders dismiss the motions to dismiss. The first dismissed the complaint against the Barnharts; the latter dismissed against Huntington and found "there is no just cause to delay either enforcement or appeal or both of this [o]rder."

■ Under Rule 304(a), "an appeal may be taken from a final judgment as to one or more but fewer than all of the parties or claims only if the trial court has made an express written finding that there is no just reason for delaying either enforcement or appeal or both." 155 Ill. 2d R. 304(a). Here, the circuit court made a Rule 304(a) finding on the order dismissing the complaint as to Huntington. Regardless of whether Rule 303 provides jurisdiction, we have jurisdiction under Rule 304(a) on the order dismissing the claim against Huntington. The circuit court, however, made no Rule 304(a) finding on the order dismissing the claim against the Barnharts or on the order denying Bale's motion to reconsider. Absent an explicit Rule 304(a) finding, we have no jurisdiction under Rule 304(a) over the order dismissing the Barnharts from the complaint. See *Marsh v. Evangelical Covenant Church*, 138 Ill. 2d 458, 464, 563 N.E.2d 459, 463 (1990).

■ We now consider whether we have jurisdiction over the order dismissing the claim against the Barnharts under Rule 303. The Barnharts contend their timely motion for attorney fees under section 17 of the Act (770 ILCS 60/17 (West 2000)) renders the appeal premature. The Barnharts first requested attorney fees in their March 13, 2002, motion to dismiss. On April 22, 2002, the circuit court granted the motion to dismiss, but it made no findings regarding the Barnharts'

request for attorney fees. After the order dismissing Bale's claim against Huntington, on September 23, 2002, the Barnharts filed a motion to recover attorney fees.

Under Rule 303, notice of appeal must be filed within 30 days of the date of final judgment or of a ruling on a timely postjudgment motion. 155 Ill. 2d R. 303(a). A judgment, however, is not final unless it "resolve[s] every right, liability or matter raised." *Marsh*, 138 Ill. 2d at 465, 563 N.E.2d at 463. Here, there was no final judgment because the order on the Barnharts' motion to dismiss left unresolved the issue of attorney fees—an issue raised in the pleadings. See generally *Hise v. Hull*, 116 Ill. App. 3d 681, 452 N.E.2d 372 (1983) (superceded by statute on other grounds). Absent a final judgment, we lack jurisdiction over Bale's appeal under Rule 303.

Having no jurisdiction over the order dismissing the complaint against the Barnharts or over the denial of the motion for reconsideration, we dismiss the appeal of these orders.

## B. Propriety of Granting Dismissal as to Huntington

Huntington's motion to dismiss failed to cite the specific subparagraph of section 2—619 upon which it relied. Based on the substance of the motions, however, we find Huntington's motion relied on subparagraph (a)(9), which authorizes dismissal on the pleadings when "the claim asserted *** is barred by other affirmative matter avoiding the legal effect of or defeating the claim." 735 ILCS 5/2—619(a)(9) (West 2002).

In a section 2—619(a)(9) motion, the "affirmative matter" must appear on the face of the complaint or be supported by evidentiary materials. *Epstein v. Chicago Board of Education*, 178 Ill. 2d 370, 383, 687 N.E.2d 1042, 1049 (1997). After a defendant satisfies his burden of establishing an affirmative matter, the burden shifts to the plaintiff, who may defeat the motion by establishing the asserted defense is unfounded. See *Kedzie & 103rd Currency Exchange, Inc. v. Hodge*, 156 Ill. 2d 112, 116, 619 N.E.2d 732, 735 (1993). Because dismissals under section 2—619(a)(9) resemble summary judgment, we review them *de novo* and decide whether a genuine issue of material fact precludes the dismissal or whether dismissal is proper as a matter of law. See *Epstein*, 178 Ill. 2d at 383, 687 N.E.2d at 1049.

Bale argues the circuit court improperly found he failed to comply with section 7 of the Act (770 ILCS 60/7 (West 2000)). Bale maintains he filed a timely claim for lien under section 7 in the McLean County recorder's office. Bale argues the claim for lien identified him as a claimant and was completed and signed by his agent, Carla S. Bale.

Huntington argues, however, the complaint was properly dismissed

because the claim for lien did not strictly comply with the requirements of the Act. Huntington relies primarily on two cases in support: *Candice Co. v. Ricketts*, 281 Ill. App. 3d 359, 666 N.E.2d 722 (1996), and *Ronning Engineering Co. v. Adams Pride Alfalfa Corp.*, 181 Ill. App. 3d 753, 537 N.E.2d 1032 (1989). Huntington admits the caption identifies Bale as the claimant, but contends the text, which identifies Carla Bale as the claimant, controls.

■ The Act is "in derogation of common law and must be strictly construed." *Rothers Construction, Inc. v. Centurion Industries, Inc.*, 337 Ill. App. 3d 629, 635-36, 786 N.E.2d 644, 648 (2003). "[T]he party seeking to enforce the lien" bears "[t]he burden of proving that each requisite has been satisfied." *Ronning Engineering*, 181 Ill. App. 3d at 759, 537 N.E.2d at 1035.

■ Section 7 of the Act sets forth the prerequisites that must be satisfied before a contract may enforce a lien against a creditor. See 770 ILCS 60/7 (West 2000). Under the terms of section 7, a plaintiff may enforce a lien against a creditor by filing a claim for lien or a complaint within four months of the completion of the work. 770 ILCS 60/7 (West 2000); see also *Norman A. Koglin Associates v. Valenz Oro, Inc.*, 176 Ill. 2d 385, 391, 680 N.E.2d 283 (1997). Here, the complaint was filed on September 19, 2001, after the four-month filing period expired. Therefore, the complaint, at least to Huntington, cannot be the basis for enforcing the lien. To enforce his lien, then, Bale must establish his claim for lien was proper and timely. If the claim of lien is insufficient, Bale's claim against Huntington is barred by section 7.

According to the language of section 7, a claim for lien, to be enforceable against a creditor, must (1) be filed within four months after the completion of work; (2) be verified by the claimant or an agent or employee; (3) contain "a brief statement of the contract"; (4) set forth "the balance due"; and (5) provide a "sufficiently correct description of the lot, lots or tracts of land to identify the same." 770 ILCS 60/7 (West 2000). Here, the claim for lien was completed by Carla S. Bale. At the top of the preprinted claim-for-lien form are lines to enter the name of the individual who prepared the form and the name of the claimant. The name Carla S. Bale is hand-written after "Prepared by" and plaintiff's name is hand-written as "claimant." In the body of the claim for lien, however, the name Carla S. Bale was entered as claimant in two places. In addition, at the end of the claim for lien, Carla Bale signed the verification as "the claimant, agent[,] or employee of claimant." The text describes the contract as one between "claimant" and the Barnharts.

Huntington has identified two cases that have decided the

improper identification of a party to a contract fails to provide the requisite "brief statement of the contract." See *Ronning Engineering*, 181 Ill. App. 3d at 759, 537 N.E.2d at 1036; see also *Candice Co.*, 281 Ill. App. 3d at 363, 666 N.E.2d at 725.

In *Ronning Engineering*, this court held the plaintiff's claim for lien, which misstated the property owner's name as Adams Pride and not Adams County, did not satisfy section 7 of the Act. This court reasoned the incorrect name resulted in a misstatement of the contract, in violation of section 7. *Ronning Engineering*, 181 Ill. App. 3d at 759, 537 N.E.2d at 1036.

In *Candice Co.*, the "lien claim name[d] Candice as the 'claimant' and state[d] that 'on August 6, 1992, the claimant made a contract with said owner La Von L. Ricketts & Trina Ann Malone and any other unknown owners to [r]emodel basement.' " *Candice Co.*, 281 Ill. App. 3d at 363, 666 N.E.2d at 725. The contract, however, "indicate[d] that Candice was not a party to the August 6 contract to remodel the basement," but "[i]nstead, Father and Sons, Ricketts and Malone were the parties to this contract." *Candice Co.*, 281 Ill. App. 3d at 363, 666 N.E.2d at 725. The court, citing *Ronning Engineering*, held "the lien does not contain an accurate description of the contract" and "[did] not meet the requirements of section 7." *Candice Co.*, 281 Ill. App. 3d at 364, 666 N.E.2d at 725.

■ *Ronning Engineering* controls. We find the claim for lien, by failing to accurately describe the contract, did not satisfy section 7.

Bale argues, however, the claim for lien properly identifies him as claimant at the top. Huntington emphasizes, however, this is the caption and the claimant is improperly identified throughout the text. Huntington maintains when the caption and text conflict, the text controls. See *People v. Sirinsky*, 47 Ill. 2d 183, 187, 265 N.E.2d 505, 507 (1970).

At a minimum, the conflict creates an ambiguity that results in an inaccurate description of the contract. Strictly construing the Act, we find the claim for lien fails section 7. Because the complaint was not filed within four months and the timely claim for lien is fatally flawed, Bale's claim against Huntington is barred by section 7.

## III. CONCLUSION

We dismiss the appeal of the order granting the Barnharts' motion

to dismiss. We affirm the order dismissing the complaint under section 2—619 against Huntington.

Appeal dismissed in part and affirmed in part.

STEIGMANN, J., concurs.

JUSTICE COOK, dissenting:
I respectfully dissent and would reverse and remand the trial court's judgment.

The purpose of the Mechanics Lien Act is to protect those who in good faith furnish material or labor for construction. *Petroline Co. v. Advanced Environmental Contractors, Inc.*, 305 Ill. App. 3d 234, 237, 711 N.E.2d 1146, 1148 (1999). "This act is and shall be liberally construed as a remedial act." 770 ILCS 60/39 (West 2000). Once a plaintiff has complied with the procedural requirements upon which a right to a lien is based, the Act should be liberally construed in order to accomplish its remedial purpose. *Westcon/Dillingham Microtunneling v. Walsh Construction Co. of Illinois*, 319 Ill. App. 3d 870, 877, 747 N.E.2d 410, 416 (2001); *Petroline*, 305 Ill. App. 3d at 239, 711 N.E.2d at 1149 (courts have thus attempted to reconcile section 39 with the precept that the Act is in derogation of the common law and must be strictly construed).

The claim for lien in this case complied with all the procedural requirements of section 7. It (1) was filed within four months after the completion of the work; (2) was verified by the claimant or an agent or employee; (3) contained a brief statement of the contract; (4) set forth the balance due; and (5) provided a sufficiently correct description of the lot, lots, or tracts of land to identify the same. 770 ILCS 60/7 (West 2000).

The claim for lien in this case is absolutely clear. The claim was "prepared by: Name: Carla S. Bale." The claim identifies the claimant, "Bale Excavating & Farm Drainage, Martin L. Bale, Claimant(s)." The notary acknowledgment explains how it is signed, "Carla Bale on oath duly sworn says that he [*sic*] is the claimant, agent[,] or employee of claimant." The notary acknowledgment is then signed "Carla Bale," with the word "claimant" printed under the line. The notary acknowledgment had to be signed by a person; it could not be signed by Bale Excavating & Farm Drainage. Businesses can only act through individuals. Consistent with her notary acknowledgment, Carla Bale signed the signature line of the claim for lien, "Carla Bale," again with the word "claimant" printed under the line, and she filled in her name in the preceding blank, "Now comes Carla Bale the Claimant and claims a lien ***."

Where the language of a statute is clear and unambiguous, a court must give it effect as written, without reading into it exceptions, limitations or conditions that the legislature did not express. *Davis v. Toshiba Machine Co., America*, 186 Ill. 2d 181, 184-85, 710 N.E.2d 399, 401 (1999). Section 7 allows the claim for lien to be verified by an "agent or employee." 770 ILCS 60/7 (West 2000). The section does not require that every time the agent's or employee's name appears, it must be followed by the word "agent" or the word "employee." The majority's attempt to read that requirement into the statute reads in a limitation or condition that the legislature did not express.

The cases relied upon by the majority are very different from this case. In *Ronning*, plaintiff's claim for lien described the wrong contract, a written contract entered into on September 20, 1985, between the plaintiff and Adams County joint venture, when the correct contract was a verbal contract entered into on July 1, 1986, between the plaintiff and Adams Pride. *Ronning*, 181 Ill. App. 3d at 759, 537 N.E.2d at 1036. In *Candice Co.*, the claim of lien asserted that the claimant, Candice Company, Inc., entered into a contract to remodel a basement. Candice Company, Inc., however, was not a party to the contract; the contract in fact was entered into by Father and Sons, Inc. *Candice Co.*, 281 Ill. App. 3d at 363, 666 N.E.2d at 725. *Ronning* and *Candice Co.* involved separate entities, not an agent who was clearly identified as such in the claim for lien.

Under the rule of strict construction the *statute* is strictly construed. It is illogical to apply a rule of strict construction to a claim for lien. It is possible for a statute to be in derogation of common law, but not a claim for lien.

According to the majority, if it is possible to twist a claim for lien to say something it was not intended to say, the rule of strict construction prevents us from reading the claim correctly. The majority is mistaken.

> "The doctrine of strict construction was never meant to be applied as a pitfall to the unwary, in good faith pursuing the path marked by the statute, nor as an ambuscade from which an adversary can overwhelm him for an immaterial misstep. Its function is to preserve the substantial rights of those against whom the remedy offered by the statute is directed, and it is never employed otherwise." *United Cork Cos. v. Volland*, 365 Ill. 564, 572, 7 N.E.2d 301, 305 (1937) (distinguishing cases where "a material requirement of the statute had been omitted").

*Cirrincione v. Johnson*, 184 Ill. 2d 109, 113-14, 703 N.E.2d 67, 69 (1998).

The strict construction rule applies only to the provisions of the

Act that specify the substantive requirements upon which the right to a lien is based. It does not apply, for example, to technical objections to pleadings. *Koglin Associates*, 176 Ill. 2d at 396, 680 N.E.2d at 289. The claimant here complied with the substantive requirements of section 7. This is not a case where claimant attempts to extend the Act to cases not provided for by its language. *Luise, Inc. v. Village of Skokie*, 335 Ill. App. 3d 672, 680-81, 781 N.E.2d 353, 360 (2002).