## VIRGIL HICKOX

*v.*

## WILLIAM C. GREENWOOD.

1. MECHANIC'S LIEN—*affects only the title of the person contracting.* Where the owner of land gives a bond or contract for a deed to the purchaser, who procures a building to be erected thereon, the lien of the mechanic attaches upon the purchaser's interest only, and the vendor can not be required to part with his title until he receives full payment of his purchase money. The vendor in such case does not occupy the position of a prior incumbrancer within the meaning of sec. 17 of the Mechanics' Lien act.

2. SAME—*extent of the lien.* The statute gives a lien by virtue of a contract with the owner of the land, and the second section extends this lien to any interest such owner may have at the time of the contract. If he has only a bond for a deed, he can not by any act of his impair the title of his vendor or give the mechanic or material-man any better title than he himself had at the time he made the contract.

3. SAME—*when vendor makes a loan after building contract.* Where a vendor of land who gives a bond for a deed to be made on payment of the purchase money, after the purchaser has contracted for the erection of a building upon the premises, loans the purchaser money and gives a new bond for a deed to be made upon the payment of the original price and the sum thus loaned, the vendor, as to the mechanic who erects the building, will in equity occupy the position of a subsequent incumbrancer as to the sum loaned, and be postponed to the rights of the mechanic, but not as to the purchase money due under the original contract of sale.

4. SAME—*decree.* Where a mechanic's lien is established against a party holding a lot under a bond for a deed, who has not paid the purchase money,

a sale of the property should be ordered, subject to the rights of the vendor, and out of the proceeds the mechanic should first be paid, and then the amount due any subsequent incumbrancer, and the balance, if any, to the party against whom the lien exists.

APPEAL from the Circuit Court of Sangamon county; the Hon. CHARLES S. ZANE, Judge, presiding.

Mr. N. W. EDWARDS, and Mr. R. L. McGUIRE, for the appellant.

Messrs. SCHOLES & MATHER, for the appellee.

Mr. JUSTICE DICKEY delivered the opinion of the Court:

The lien of the mechanic by our statute extends "to an estate in fee for life, for years, or any other estate, or any right of redemption or *other interest* which such owner may have in the lot or land at *the time of making the contract.*" When the contract of Greenwood, the mechanic in this case, was made—on July 20th, 1876—the owner, David Peat, had an interest in this lot. That interest rested upon a contract which he had before that time made with Virgil Hickox (the owner of the fee in the land) for the purchase of the lot at the price of $200, on a credit of 10 years, with interest on the price at the rate of ten per cent per annum, payable semi-annually. Peat had paid Hickox the first installment of interest, and had taken possession under his contract, and had built a fence about the ground with the knowledge and consent of Hickox. Soon after the making of the contract to build the house Greenwood began his work, and had it partly completed when Hickox and Peat made an arrangement for the advancing by Hickox to Peat of the sum of $230, on a credit of ten years and at like rate of interest, and thereupon, on the 7th of August, Hickox executed to Peat a bond by which he agreed to convey the lot in question to Peat on the payment to him of $430 (the sum of the price of the lot and the amount of money to be loaned,) on or before August 7,

1886, with interest at ten per cent, payable semi-annually. The building was completed about September 7, 1876, and about that time Hickox lent to Peat the $230 above mentioned, and took his note dated August 7, 1876, for the sum of $430, payable as stated in the bond.

At the time of the decree the court found that the price of the lot, with unpaid interest accrued, was $215; that the money borrowed by Peat from Hickox, with unpaid interest accrued, was $250.08, and that the amount due from Peat to' Greenwood, the mechanic, with accrued interest, was $495.85, and directed Peat to pay each of these demands, and on his failure to do so ordered the house and lot to be sold to provide for their payment; and that Hickox should have a first lien for the whole amount due him ($465.08) upon $\frac{200}{692}$ of the proceeds of the sale, and that Greenwood have a first lien upon $\frac{495}{692}$ of the proceeds; that the costs of the suit be first paid out of the fund, and then the amounts respectively due to Hickox and Greenwood *pro rata*. From this decree Hickox appeals to this court.

Of this decree Hickox complains, insisting that he is entitled to have his purchase money from the property before any part of the proceeds shall be applied to the payment of the mechanic.

Counsel for Greenwood rely upon section 17 of chapter 82, Rev. Stat. 1874, wherein it is provided, no incumbrance upon the land created before or after the making of the building contract shall operate upon the building until the lien in favor of the mechanic shall have been satisfied, and that in such case the previous incumbrance shall be preferred to the extent of the value of the land at the time of making the building contract.

Insisting that the interest of Hickox in the property is in the nature of a prior incumbrance, it is inferred that this statute limits his preference to a portion of the proceeds proportionate to the value of the land. The interest of Hickox in the land is not a mere incumbrance. He is the owner of

the fee, and must have his purchase money and interest paid in full before he can lawfully or equitably be required to surrender the title.

The statute gives a lien by virtue of a contract "with the owner" of the land (chap. 82, sec. 1, Rev. Stat. 1874). The second section extends the lien to any other interest which such owner may have in the land at the time of the contract. The contract in this case was not made with Hickox, the owner of the fee, but with Peat, who was the owner of a contingent interest in the lot, depending upon his compliance with his contract of purchase with Hickox. The lien, then, was not upon the fee which Hickox held, but upon the interest of Peat, whatever that was, under his contract with Hickox.

Peat could not, by any act of his, impair the title of Hickox, or give to Greenwood any better title or greater interest in the land than he himself held.

When it is said, in section 17 of the same act, that "No incumbrance on the land created before or after the making of the contract under the provisions of this act, shall operate upon the building," etc., and that "upon questions arising between previous incumbrances and creditors, the previous incumbrance shall be preferred to the extent of the value of the land at the time of making the contract, and the court shall ascertain * * * what proportion of the proceeds of any sale shall be paid to the several parties," it must be understood that the legislature is speaking of incumbrances upon the matter which is made subject to the mechanic's lien.

When we read the second section in connection with the seventeenth, this is apparent. Peat is to be considered as owner only, in the sense of this statute, to the extent of the interest he owns, and that interest is what the mechanic's lien affects; and as to these proceedings that interest is to be considered as "the land" on which the first and second sections give the mechanic a lien. If Peat had incumbered that

interest before the building contract, then section seventeen would have application; but it has no application to the owner of the fee, who did not make the building contract.

Hickox in this case holds the fee, and it can not be taken from him lawfully until his purchase money and interest thereon be fully paid to him. This, too, can only be done in accordance with his contract. He is not bound to part with that title, under the terms of his sale, until he be paid the whole of the principal and interest to accrue up to 1886; and unless he has in some way waived his right to receive the $200 of purchase money and the amount of interest thereon at ten per cent per annum (as stated in his contract) until 1886, he can not be required to convey without its full payment. No doubt, the interest of Peat in this land may be subjected to sale in this proceeding, but nothing else.

As to the $230, which was lent to Peat by Hickox after the making of the building contract, Hickox occupies in equity the position of the holder of an incumbrance subsequent to the building contract and subordinate to the mechanic's lien. This is an incumbrance not upon the fee, but upon Peat's interest in the lot.

The decree should declare the relative rights of the several parties as here indicated, and, in default of payment by Peat, a sale of Peat's interest in the land should be ordered— that is, the land should be sold subject to Hickox's rights as vendor. From the proceeds the mechanic should be first paid the amount of his lien, and from the balance, if sufficient, the just demand of Hickox for the money lent and accrued interest should be paid, and the remainder, if any, after paying these demands and costs, should be paid to Peat.

The decree must be reversed, and the cause remanded for further proceedings.

*Decree reversed.*