OSCAR T. FREEMAN

v.

GEORGE L. ARNOLD.

*Mechanics' Lien Law—When Lien Attaches—Mortgage—Priority.*

Under Secs. 1 and 2 of Chap. 82, R. S., a lien for labor or material attaches at the time when the contract under which the same was furnished, was made.

[Opinion filed May 21, 1891.]

APPEAL from the Circuit Court of Knox County; the Hon. ARTHUR A. SMITH, Judge, presiding.

Messrs. HENDRYX & CRAIG, for appellant.

Mr. GEORGE W. THOMPSON, for appellee.

UPTON, J.   This was a petition for a mechanic's lien, filed by the appellee in the Circuit Court of Knox County, to the February term thereof, 1890, and to which Freeman, the owner, and O'Conner, the mortgagee, were made parties. It appears that in July, 1889, Freeman (who alone appeals) contracted with Geo. L. Arnold to do the mason work on a house he was about to build upon a lot in the city of Galesburg, in the petition particularly described. Appellee was to lay the brick

in the wall, at $10 per thousand, chimneys at sixty cents per linear foot, plastering at twenty-four cents per square yard, and to build a cistern for $25. The carpenter work was contracted for with Elijah Arnold, for $850. The house was built and finished some time in October, 1889. In the month of October, about the 29th, James O'Conner took a mortgage on the premises for $1,000 duly executed by appellant Freeman as the mortgagor. On the 4th of January, 1890, the petition or claim for the mechanic's lien in the suit at bar was filed by the appellee, and the only issue of fact seems to be whether the labor and materials, a lien for which is sought to be obtained in this proceeding, was included in the contract of appellant with Elijah Arnold to build certain portions of the house.

The evidence appears to be somewhat conflicting upon this branch of the case, but the court below, on hearing, found that issue for the appellee (petitioner below) and found due him the sum of $148.94 for labor and materials, and ordered and decreed that amount paid, etc., which was declared a lien, etc., and a sale of the premises to pay such lien and costs, the surplus arising therefrom, if any, to be first applied in payment of the mortgage, and the balance, if any there should be, to Freeman. To which finding, order and decree Freeman alone appeals to this court.

Appellant's counsel contends, first, that the mortgage to O'Conner became a lien upon the premises prior to the time of filing the petition by appellee, and was a lien superior to that of appellee; second, that the evidence does not support the decree; third, that the court erred in holding the lien of appellee prior and superior to that of the mortgage.

The first and third points above made, may be regarded as one and the same. In Clark v. Moore, 64 Ill. 273, it was held that the lien of the laborer or material man attaches at the time when the contract therefor is made. It is true that decision was made in the construction of the first section of the act in reference to "Mechanics' Liens" then in force, but we think it will apply with equal force to Secs. 1 and 2 of Chap. 82 Starr & C. Ill. Stats., which last named act

must control in the case at bar, the second section of which reads as follows: "Sec. 2. The lien provided for in sections 1 and 29 of this act, shall extend to an estate in fee, for life, for years, or any other estate, or any right of redemption or other interest which such owners may have in the lot or land, *at the time of making the contract.*" This was in substance the language of the former act. The same principle was announced in Hickox v. Greenwood, 94 Ill. 266, in which the several sections of the statute in question were considered and their effect determined. Second. Wei have carefully examined the record before us, and while the evidence upon the question of fact is somewhat conflicting, we are inclined to think that the Circuit Court was justified in its finding for the appellee upon the facts of this contention and in the amount so found to be due him, viz., $148.94. We also think that as the contract for doing the work and furnishing the materials by appellee was prior in point of time to the execution, delivering and recording of the mortgage to O'Conner as mortgagee, the mechanic's lien was a prior lien to that of the mortgage. Hickox v. Greenwood, *supra;* Clark v. Moore, *supra.*

If we are correct in this view the decree of the Circuit Court was not erroneous, and should be affirmed.

*Decree affirmed.*