(No. 80695.—

NORMAN A. KOGLIN ASSOCIATES v. VALENZ ORO, INC., *et al.* (La Salle National Bank, as Trustee under Trust No. 113495, *et al.*, Appellants; H.B. Barnard Company, Appellee).

*Opinion filed March 20, 1997.—Rehearing denied June 2, 1997.*

Wildman, Harrold, Allen & Dixon, of Chicago (Richard D. Murphy, Jr., of counsel), for appellants.

Robert A. Filpi, of Stack & Filpi, of Chicago, for appellee.

JUSTICE NICKELS delivered the opinion of the court:

In this appeal, we decide whether a mechanic's lien claimant may enforce its lien where it asserted its lien in an answer rather than a counterclaim.

Plaintiff, Norman A. Koglin Associates (Koglin), is an architectural firm. One of the defendants, Valenz Oro, Inc. (Valenz), was a tenant in a downtown Chicago building. Koglin alleged that it entered into a contract with Valenz to perform architectural and interior design services in connection with the construction and improvement of Valenz's jewelry store. Koglin further alleged that it performed the services but was not fully paid. Koglin filed a complaint in the circuit court of Cook County to foreclose a mechanic's lien under the Mechanics Lien Act (the Act) (770 ILCS 60/0.01 et seq. (West 1992)). Koglin named four defendants in the foreclosure action: Valenz, the tenant; La Salle National Bank (La Salle), the owner of the building where the

jewelry store was located; JMB/Urban 900 Development Partners (JMB), the manager of the building; and H.B. Barnard Company (Barnard), the general contractor. Koglin alleged that Barnard also had a mechanic's lien in connection with work performed on the jewelry store. Barnard filed a pleading captioned "Answer to Complaint to Foreclose Mechanic's Lien," in which it asserted its lien.

While the suit was pending and before trial, Koglin negotiated a settlement with two of the defendants, La Salle and JMB. Barnard was not involved in the settlement. After settlement, Koglin sought voluntary dismissal of the entire action. Barnard objected, arguing that its rights under its mechanic's lien had not been adjudicated. The circuit court dismissed the entire action with prejudice. The appellate court vacated the dismissal order and remanded, thereby allowing Barnard to enforce its mechanic's lien. 277 Ill. App. 3d 142. Defendants La Salle and JMB filed a petition for leave to appeal to this court (155 Ill. 2d R. 315), which was granted. We affirm the appellate court.

## BACKGROUND

Koglin's complaint was filed on June 16, 1992. It stated that Koglin provided architectural services in connection with Valenz's jewelry store, located in Valenz's space at 900 North Michigan Avenue. In the complaint, Koglin alleged that its work was authorized or knowingly permitted by defendants La Salle and JMB. Koglin further alleged that defendant Barnard also performed work on the jewelry store. Koglin alleged, however, that its lien rights were superior to Barnard's.

On July 20, 1992, Barnard filed a pleading designated as an answer. In the answer, Barnard alleged that it had also entered into a contract with Valenz involving work on the jewelry store. Barnard admitted the basic

factual allegations of the complaint but denied that its lien rights were subordinate and inferior to Koglin's lien rights. Barnard alleged that it had a lien against the premises totalling $25,725.84 plus interest. With respect to its lien, Barnard specifically stated that "it last performed services on the premises under its contract on or after November 23, 1991, and that it perfected its mechanics lien on the premises by recording a copy of notice of such lien with the Recorder of Deeds of Cook County, Illinois, on March 20, 1992, in accordance with the Mechanics' Lien Law."

A copy of the recorded claim for mechanic's lien was attached as an exhibit to the answer. The claim for lien provided information about Barnard's work and identified La Salle and JMB, among others, as having an interest in the property. Barnard's answer also contained a prayer for relief. In the prayer for relief, Barnard asked the court: (1) to determine the amount of its mechanic's lien as $25,725.84 plus interest; (2) to determine that Barnard had a "first, prior and superior lien" against the premises under the Act; (3) to foreclose its mechanic's lien and to order the premises sold to satisfy any judgment; and (4) to award any other relief the court would deem proper.

On September 10, 1993, La Salle and JMB filed a combined answer to the Koglin complaint. In their answer, they admitted that Barnard had provided certain labor and materials in connection with the construction and improvement of the jewelry store. They denied that they knew the terms of any contract between Valenz and Barnard, and further, they denied that they authorized or permitted such a contract. La Salle and JMB did not object to the form of Barnard's answer or make a motion to strike the affirmative relief requested in Barnard's answer.

On December 21, 1993, the circuit court held a pre-

trial conference. Koglin moved to voluntarily dismiss its action because it had resolved its claims through a settlement with La Salle and JMB. Barnard had not been informed of Koglin's intent to seek a voluntary dismissal at the pretrial conference. Despite Barnard's objection, the circuit court dismissed the entire action with prejudice.

On January 11, 1994, Barnard filed a motion titled "Motion by H. B. Barnard Company to Modify or Vacate the Order of December 21, 1993, to Permit Filing of Amended Complaint and to Realign Parties." La Salle and JMB argued that, by this time, more than two years had passed since Barnard completed its work on the jewelry store. The Act provides that a claimant should enforce its lien within two years of completion of the work. 770 ILCS 60/9 (West 1992). The circuit court denied Barnard's motion. The effect of this ruling was to preclude Barnard from enforcing its mechanic's lien against La Salle and JMB. Barnard appealed.

The appellate court vacated the dismissal order and remanded the cause to allow Barnard to enforce its mechanic's lien. The appellate court relied on four alternative reasons. The court held that: (1) Barnard's answer complied with the Act and that a counterclaim was not required; (2) even if a counterclaim was required, the answer should have been treated as a counterclaim because it contained all the elements needed to state a claim; (3) if a counterclaim was required, Barnard should have been allowed to amend its pleading to assert a counterclaim; and (4) Koglin should have provided notice to Barnard before Koglin sought to voluntarily dismiss the entire action at the pretrial conference.

On appeal, La Salle and JMB contest each of these four reasons. We note that defendant Valenz did not file an appearance or responsive pleading in the circuit

court. Neither Valenz nor Koglin are involved in this appeal. We begin our analysis with a brief discussion of the Act.

## ANALYSIS

### I. Overview of the Mechanics Lien Act

Mechanic's liens were not recognized at common law and exist only by operation of the Act (770 ILCS 60/0.01 *et seq.* (West 1992)). In general, the Act provides a lien to an individual who has provided labor, material, or services in connection with the improvement of real estate, pursuant to contract. See 770 ILCS 60/1 (West 1992). The Act prescribes the elements required to state a claim. Section 11 provides:

> "The complaint shall contain a brief statement of the contract or contracts on which it is founded, the date, when made, and when completed, if not completed, why, and it shall also set forth the amount due and unpaid, a description of the premises which are subject to the lien, and such other facts as may be necessary to a full understanding of the rights of the parties." 770 ILCS 60/11 (West 1992).

The defendants in a mechanic's lien proceeding include all persons having an interest in the premises. 770 ILCS 60/11 (West 1992). These defendants may include individuals having an ownership interest in the property, such as tenants and landlords. When a tenant has contracted for work that is the subject of a lien, the lien may be enforced against the landlord if the landlord has "authorized or knowingly permitted" work to be done on the premises. 770 ILCS 60/1 (West 1992); see also *Abbott Electrical Construction Co. v. Ladin*, 144 Ill. App. 3d 974, 978 (1986). Other mechanic's lien claimants are also included in the proceeding. The Act presumes that all claims and rights of interested parties can be adjudicated in one proceeding. 770 ILCS 60/11 (West 1992).

A contractor's rights under the Act are dependent on its taking the necessary steps to perfect a lien. Section 7 provides for the recording of a "claim for lien" in the office of the recorder of the county in which the property is located. 770 ILCS 60/7 (West 1992). It also prescribes the contents of this claim for lien. 770 ILCS 60/7 (West 1992). A contractor must record its claim for lien within four months after completion of the work in order to subsequently assert a lien against a "creditor or incumbrancer or purchaser." 770 ILCS 60/7 (West 1992). The four-month recording requirement is intended to give third parties dealing with the property, other than those with an ownership interest, notice of the lien. *Federal Savings & Loan Insurance Corp. v. American National Bank & Trust Co.*, 115 Ill. App. 3d 426, 429 (1983). If the lien has been recorded within the four-month period, the contractor can then seek to enforce the lien within two years of completion of the work. 770 ILCS 60/9 (West 1992).

The recording of a claim for lien is less significant where a contractor seeks to enforce a lien against a party with an ownership interest. As to a party with an ownership interest, the contractor may record a claim for lien within two years after completion of the contract. 770 ILCS 60/7 (West 1992). Regardless of whether a claim for lien has been recorded, the contractor must seek to enforce the lien within two years after completion of the contract. 770 ILCS 60/9 (West 1992). Thus, with respect to both owners and third parties, a contractor must assert its lien within two years of completion of the work.

## II. Section 9 of the Act

Section 9 of the Act describes the enforcement of a lien. Section 9 provides:

"If payment shall not be made to the contractor having a lien by virtue of this act of any amount due when the

same becomes due, then *such contractor may bring suit to enforce his lien* in the circuit court in the county where the improvement is located \*\*\*. Any two or more persons having liens on the same property may join in bringing such suit, setting forth their respective rights in their complaint; *all lien claimants not made parties thereto may upon filing a petition to intervene become defendants and enforce their liens by counterclaim against all the parties to the suit*; and the complaint shall not thereafter be dismissed as to any lien claimant \*\*\* without the consent of such lien claimant. *The plaintiff and all defendants to such complaint may contest each other's right without any formal issue of record made up between them other than that shown upon the original complaint*, as well with respect to the amount due as to the right to the benefit of the lien claimed: Provided, that if by such contest by co-defendants any lien claimants be taken by surprise, the court may, in its discretion, as to such claim, grant a continuance. The court may render judgment against any party summoned and failing to appear, as in other cases of default. *Such suit shall be commenced or counterclaim filed within two years after the completion of the contract, or completion of the extra or additional work, or furnishing of extra or additional material thereunder.*" (Emphasis added.) 770 ILCS 60/9 (West 1992).

The parties dispute the meaning of section 9. La Salle and JMB argue that a mechanic's lien claimant should assert its lien in a complaint or counterclaim. Barnard argues that the Act permits the assertion of a lien in an answer. On this issue, we agree with La Salle and JMB.

In reaching this conclusion, we note the history of the statute. Prior to 1976, the statute provided that defendants could "enforce their liens by answer to the complaint or petition in the nature of an intervening petition, and the same shall be taken as a counterclaim." Ill. Rev. Stat. 1975, ch. 82, par. 9. The statute further provided that "[s]uch suit shall be commenced or answer filed within two years after the completion of the contract \*\*\*." Ill. Rev. Stat. 1975, ch. 82, par. 9. Thus,

before 1976, a defendant could assert its lien by answer. See, *e.g.*, *Rochelle Bldg. Co. v. Oak Park Trust & Savings Bank*, 121 Ill. App. 2d 274, 277 (1970). In 1976, the statute was amended and the portions of the statute allowing enforcement of a lien by answer were deleted. The amended language of the statute provides that a defendant may enforce a lien by counterclaim. Accordingly, the amended statute contemplates that a defendant will assert its lien by counterclaim, rather than by answer.

We further note that section 12 of the Act expressly provides that the circuit court should generally use the same pleading procedure in a mechanic's lien proceeding as is used in other civil actions. Section 12 provides:

> "The court shall permit amendments to any part of the pleadings, and may issue process, make all orders, requiring parties to appear, and requiring notice to be given, that are or may be authorized in other civil actions and shall have the same power and jurisdiction of the parties and subject matter, and the rules of practice and proceedings in such cases shall be the same as in other civil cases, except as is otherwise provided in this act." 770 ILCS 60/12 (West 1992).

The rules of civil procedure ordinarily apply to mechanic's lien cases, as in other civil cases.

Barnard did not follow the proper civil pleading procedure in asserting its lien. In civil cases, a counterclaim should be used by a defendant to make a claim against another defendant. 735 ILCS 5/2—608(a) (West 1992). A counterclaim differs from an answer or affirmative defense. A counterclaim is used when seeking affirmative relief, while an answer or affirmative defense seeks to defeat a plaintiff's claim. Section 2—608(b) of the Code of Civil Procedure provides that "[t]he counterclaim shall be a part of the answer, and shall be designated as a counterclaim." 735 ILCS 5/2—608(b) (West 1992). In its pleading, Barnard should have formally asserted its lien as a counterclaim.

In support of its position, Barnard emphasizes

certain language of the statute to argue that the legislature changed the rules of pleadings with respect to mechanic's liens. The statute provides that "all lien claimants not made parties thereto [to the complaint] may upon filing a petition to intervene become defendants and enforce their liens by counterclaim ***." 770 ILCS 60/9 (West 1992). Barnard argues that the statute only requires that intervening claimants file counterclaims. Barnard argues that the statute does not require it to file a counterclaim because it was an original party to the suit, and therefore, it may assert its lien in an answer.

We disagree. The statute provides that claimants who are not involved in the original proceeding may intervene to assert their liens. It expressly gives these claimants the right to become involved in the proceeding. The statute, as amended, does not alter the rules of civil procedure in connection with claimants who are already parties to the proceeding.

Additionally, Barnard notes that section 9 provides that "[t]he plaintiff and all defendants to such complaint may contest each other's right without any formal issue of record made up between them other than that shown upon the original complaint ***." 770 ILCS 60/9 (West 1992). Barnard contends that this language establishes a simplified pleading procedure. Barnard argues that this language eliminates the need for the filing of counterclaims entirely.

We also reject this argument. Although the statute provides that the parties "may *contest each other's* right without any formal issue of record," it still contemplates that they will *assert* their claims as in other civil cases. Mechanic's lien litigation often involves a number of counterclaims by claimants and by other parties claiming an interest in the property. This provision simply makes it easier to challenge the liens asserted by oth-

ers. It does not affect how liens should be asserted in the first place.

### III. Liberal Construction of Pleadings

Even though Barnard failed to formally assert a counterclaim, it prevails on other grounds. The appellate court held that, even if Barnard should have asserted its lien by counterclaim, Barnard's pleading should be liberally construed. The court determined that Barnard's assertion of the lien and request for affirmative relief should be treated as the functional equivalent of a counterclaim. We agree.

As noted, section 12 of the Act adopts the same general rules of procedure that apply in other civil cases. The Code of Civil Procedure is to be liberally construed, so that cases are decided on the basis of the substantive rights of the litigants. 735 ILCS 5/1—106 (West 1992); *Superior Bank FSB v. Golding*, 152 Ill. 2d 480, 486 (1992). It also states that "[n]o pleading is bad in substance which contains such information as reasonably informs the opposite party of the nature of the claim or defense which he or she is called upon to meet." 735 ILCS 5/2—612(b) (West 1992). Section 2—603(c) further provides that "[p]leadings shall be liberally construed with a view to doing substantial justice between the parties." 735 ILCS 5/2—603(c) (West 1992). "Pleadings are not intended to create obstacles of a technical nature to prevent reaching the merits of a case," but instead are intended "to facilitate the resolution of real and substantial controversies." *People ex rel. Scott v. College Hills Corp.*, 91 Ill. 2d 138, 145 (1982); see also *Geary v. Dominick's Finer Foods, Inc.*, 129 Ill. 2d 389, 407-08 (1989).

Given these principles, the circuit court should have liberally construed the affirmative relief requested in the answer. Section 2—608(c) of the Code of Civil Procedure provides that a counterclaim "shall be pleaded in

the same manner and with the same particularity as a complaint." 735 ILCS 5/2—608(c) (West 1992). Barnard did, in fact, allege the elements needed to state a claim under the Act. It alleged that Barnard and Valenz entered into a contract on October 15, 1991, that the work was completed on November 23, 1991, and that the amount due was $25,725.84 plus interest. Barnard further alleged that it recorded its claim for mechanic's lien in the recorder's office and attached the claim for lien as an exhibit. See 735 ILCS 5/2—606 (West 1992) (written instrument attached to pleading "constitutes a part of the pleading for all purposes"). The claim for lien contained a legal description of the property and asserted a claim "against the interest" of La Salle and JMB, among others. In its prayer for relief in the answer, Barnard asserted its lien and sought foreclosure based on the lien. As the appellate court stated, "[t]he only thing missing from the document was the word 'counterclaim.' " 277 Ill. App. 3d at 151. Accordingly, Barnard's claim should not have been dismissed without its consent. See 770 ILCS 60/9 (West 1992); 735 ILCS 5/2—1009 (West 1992).

La Salle and JMB argue that the Act is in derogation of the common law and the provisions of the Act are to be strictly construed. The strict construction rule, however, applies to the provisions of the Act that specify the substantive requirements upon which the right to a lien is based. The procedure established in the Act for perfecting a lien must be strictly followed in order to create the lien. See, *e.g., Mutual Services, Inc. v. Ballantrae Development Co.*, 159 Ill. App. 3d 549, 552-53 (1987) (contractor's failure to timely record a claim for lien within four months of completion of the work made lien unenforceable against third parties). In light of section 12, the strict construction rule does not generally apply to technical objections to pleadings. See *United*

*Cork Cos. v. Volland*, 365 Ill. 564, 572 (1937) (strict construction rule is applied where a "material requirement of the statute" is lacking but was not intended "as a pitfall to the unwary, in good faith pursuing the path marked by the statute, nor as an ambuscade from which an adversary can overwhelm him for an immaterial misstep"); *Fitzgerald v. Van Buskirk*, 96 Ill. App. 2d 432, 434-40 (1968) (allegations in complaint construed liberally); see also *Abbott Electrical Construction Co. v. Ladin*, 144 Ill. App. 3d 974, 981 (1986); *Armco Steel Corp. v. La Salle National Bank*, 31 Ill. App. 3d 695, 699 (1975).

### IV. Amendment of Pleadings

Alternatively, the appellate court held that Barnard should be allowed to enforce its lien on a separate, but related, ground. Section 12 of the Act permits amendments to any part of the pleadings, as allowed generally in civil cases. 770 ILCS 60/12 (West 1992). Even if Barnard's pleading could not be liberally construed, the appellate court held that the trial judge should have allowed Barnard to amend its answer to formally assert a counterclaim. We agree.

We note that Barnard sought to file an amended pleading more than two years after it completed its work. Section 2—616(b) of the Code of Civil Procedure, however, provides that an amended pleading may relate back to the date of filing of the original pleading. Specifically, section 2—616(b) provides:

> "(b) The cause of action, cross claim or defense set up in any amended pleading shall not be barred by lapse of time under any statute or contract prescribing or limiting the time within which an action may be brought or right asserted, if the time prescribed or limited had not expired when the original pleading was filed, and if it shall appear from the original and amended pleadings that the cause of action asserted, or the defense or cross claim interposed in the amended pleading grew out of the same

transaction or occurrence set up in the original pleading, \*\*\* and for the purpose of preserving the cause of action, cross claim or defense set up in the amended pleading, and for that purpose only, an amendment to any pleading shall be held to relate back to the date of the filing of the original pleading so amended." 735 ILCS 2—616(b) (West 1992).

In applying section 2—616(b), this court recently stated:

"The purpose of the relation back provision has been construed as the preservation of causes of action \*\*\* against loss by reason of technical rules of pleading. [Citation.] To further this purpose, courts should liberally construe the requirements of section 2—616(b) in order to allow the resolution of litigation on the merits and to avoid elevating questions of form over substance. [Citation.] The rationale behind the same transaction or occurrence rule is that a defendant will not be prejudiced by an amendment so long as 'his attention was directed, within the time prescribed or limited, to the facts that form the basis of the claim asserted against him.' [Citation.]" *Boatmen's National Bank v. Direct Lines, Inc.*, 167 Ill. 2d 88, 102 (1995).

See also *Wolf v. Meister-Neiberg, Inc.*, 143 Ill. 2d 44, 47-48 (1991) (an amended pleading will relate back where a defendant has information about the claim and will not be prejudiced). Although both *Boatmen's National Bank* and *Wolf* involved amendments to a complaint, the same principle applies here.

We further note that section 2—616, and its predecessors, have been applied in mechanic's lien cases to preserve claims. See *Douglas Lumber Co. v. Chicago Home for Incurables*, 380 Ill. 87 (1942) (amendment to complaint was timely even though made after time for bringing suit had expired because amended complaint related back to date of filing of original complaint); *Charles A. Hohmeier Lumber Co. v. Knight*, 350 Ill. 248 (1932) (amended complaint would relate back to date of filing of original complaint where amended complaint introduced no new claim or ground for relief); *Martinez*

*v. Knochel*, 123 Ill. App. 3d 555 (1984) (subcontractor was allowed to amend answer after two years from completion of work to assert counterclaim where the subcontractor asserted a timely claim in its answer); *Ceco Corp. v. Bank of Hickory Hills*, 126 Ill. App. 3d 188, 191 (1984) (strict construction rule did not apply to proposed amendment to complaint where the plaintiff named the correct party but the wrong trust number because "[a]mending the pleadings to name the correct trust number would not have prejudiced any substantial right of defendant Bank"); *cf. C.S. Lewis, Inc. v. Cabot Corp.*, 85 Ill. App. 3d 708 (1980) (appearance, which did not set forth any transaction or occurrence, was not sufficient to serve as original pleading that could be amended after the two-year period expired). Given that the answer was timely filed and asserted the elements needed for a claim under the Act, Barnard should have been allowed to amend its answer to explicitly assert a counterclaim. Essentially, Barnard sought to do so by attempting to file an "amended complaint." Accordingly, the circuit court erred in failing to apply section 2—616 in the instant case.

In arguing that the answer cannot be amended, La Salle and JMB rely primarily on *Well Done Heating & Sheet Metal Co. v. Ralph Schwartz & Associates*, 112 Ill. App. 3d 438 (1983). In *Well Done Heating*, a contractor was named as a defendant in a foreclosure suit. As here, the contractor filed an answer but did not file a counterclaim within the statutory two-year period. Later, the contractor sought to amend its answer to add a counterclaim.

*Well Done Heating* is distinguishable from the instant case. In *Well Done Heating*, the contractor did not, in any manner, assert its lien within the requisite two-year period or seek foreclosure. The contractor did not seek to enforce its lien at all until six years after

the work was completed. In fact, the contractor first asserted its lien two years after the suit was settled and the complaint dismissed with prejudice. Based on these facts, the *Well Done Heating* court properly refused to allow the contractor to amend its answer to assert a counterclaim:

> "While Illinois allows a party to amend its pleading, even sometimes to the extent of altering the nature of the claim previously made, it is still the law that generally an amendment asserting a new cause of action is not permitted once the statute of limitations has expired [citations], *particularly where, as here, there had been no attempt of any kind to set forth the claim prior to the running of the statute.*" (Emphasis added.) *Well Done Heating*, 112 Ill. App. 3d at 443-44.

Here, in contrast, Barnard asserted its lien prior to the running of the two-year period and sought foreclosure. Barnard asserted its lien in a timely manner although it failed to correctly label its lien as a counterclaim.

In *Well Done Heating*, 112 Ill. App. 3d at 445, the court also stated that the answer could not be amended to assert a claim against "new" defendants. Relying on *Well Done Heating*, La Salle and JMB argue that they were not specifically named as defendants in Barnard's pleading. Thus, they argue that they are also "new" defendants. La Salle and JMB contend that Barnard did not seek to assert its lien against them specifically until after the two-year period had passed. They argue that a party seeking relief against others should name those other parties in the body of its pleading. See 735 ILCS 5/2—401(c) (West 1992).

Given the circumstances of this case, we reject this argument. La Salle and JMB were parties to the foreclosure suit brought by Koglin. They were not new parties. They were served with copies of Barnard's answer and were on notice of Barnard's lien and the relief it sought at an early point in the proceedings. They were clearly implicated given the nature of the foreclosure proceed-

ing, the prayer for relief in Barnard's answer, and the language of Barnard's claim for lien. To the extent the analysis in *Well Done Heating* is inconsistent with this analysis, we reject it.

## CONCLUSION

Barnard asserted its lien in a timely manner although it failed to correctly label its claim as a counterclaim. Under the facts of this case, the circuit court should have either liberally construed the answer or allowed an amendment to the answer. We express no opinion on the ultimate outcome of the litigation on remand to the circuit court. For the foregoing reasons, the judgment of the appellate court is affirmed.

*Affirmed.*