STAFFORD-SMITH, INC., Plaintiff and Counterdefendant-Appellant, v. INTERCONTINENTAL RIVER EAST, LLC, Defendant and Counterdefendant-Appellee (Max and Benny's Restaurant and Deli, Inc., *et al.*, Defendants and Counterdefendants; Aumiller Youngquist, Defendant and Counterplaintiff and Third-Party Plaintiff; Anglo Irish Bank Corporation, PLC, *et al.*, Third-Party Defendants).

First District (3rd Division) No. 1—07—1197

Opinion filed December 19, 2007.

Ronald Ryan, of Ryan, Jamieson, Morris, Ryan & Smith, of Kalamazoo, Michigan, for appellant.

Ronald Damashek, of Stahl, Cowen & Crowley, LLC, of Chicago, for appellee.

JUSTICE THEIS delivered the opinion of the court:

Plaintiff Stafford-Smith, Inc., appeals from the order of the circuit court granting defendant Intercontinental River East, LLC's (IRE's)

motion to dismiss count I of Stafford-Smith's complaint to foreclose a mechanic's lien against property now owned by IRE. On appeal, Stafford-Smith contends that the trial court erred in dismissing its complaint against IRE because IRE is an "owner" and not a "purchaser" of the premises in question within the meaning of section 7 of the Mechanics Lien Act (770 ILCS 60/1 *et seq.* (West 2006)) (the Act); therefore, Stafford-Smith could record its lien more than four months after the date it completed work on the premises. We affirm.

Stafford-Smith's complaint to foreclose its mechanics lien alleges the following facts. Stafford-Smith sells and installs commercial kitchen appliances and equipment. Max & Benny's Restaurant and Deli, Inc., leased a commercial property located at 332 East Illinois Street in Chicago. IRE, and/or Intercontinental Real Estate Corporation, owns the premises in question.

On October 4, 2005, Max & Benny's entered into a contract with Stafford-Smith to purchase various commercial kitchen appliances and equipment, which Stafford-Smith was to install. Pursuant to that contract, Stafford-Smith began work on the premises in November 2005 and did not complete work until February 10, 2006. Upon completion of the work, all money owed to Stafford-Smith by Max & Benny's became due. However, Max & Benny's failed to pay $161,630.46 of the amount owed.

Accordingly, on May 1, 2006, Stafford-Smith recorded a lien on the premises. However, because there were errors in its initial filing, Stafford-Smith amended that lien on October 3, 2006. The May 1, 2006, filing, which was attached to Stafford-Smith's complaint, revealed that the lien was filed against Max & Benny's as lessee and "MCL CDC P21, LLC" as owner. The October 3, 2006, filing listed IRE and/or Intercontinental Real Estate Corporation as the owner. The October 3, 2006, filing also provided a different legal description and property index number for the property.

Thus, in count I of its complaint, Stafford-Smith sought to foreclose its lien against, *inter alia,* Max & Benny's, IRE, and Intercontinental Real Estate, and to collect the amount it was owed plus interest and costs of collection.[1] Stafford-Smith also raised a breach of contract claim against Max & Benny's and a *quantum meruit*

---

[1] The matters pertaining to Aumiller Youngquist, the architectural firm that performed work for Max & Benny's, Anglo Irish Bank, and the other unknown owners and nonrecord claimants are not at issue on this appeal. Max & Benny's, Intercontinental Real Estate Corporation, Aumiller Youngquist, Anglo Irish Bank, and the other unknown owners and nonrecord claimants are not parties to this appeal.

claim against IRE and Intercontinental Real Estate Corporation in counts II and III, respectively.[2]

In response, IRE filed a motion to dismiss count I of Stafford-Smith's complaint pursuant to section 2—615 of the Code of Civil Procedure (730 ILCS 5/2—615 (West 2006)). Therein, IRE contended that Stafford-Smith's lien claim was time-barred under section 7 of the Act (770 ILCS 60/7 (West 2006)). Specifically, IRE maintained that because it did not acquire the property until January 9, 2006, it was a "purchaser," and not an "owner," within the meaning of section 7. Therefore, Stafford-Smith had to record its lien within four months of the completion of its work. However, the lien Stafford-Smith recorded within that time frame on May 1, 2006, contained an incorrect legal description and property index number. Because Stafford-Smith did not record a proper lien against IRE until roughly eight months after it completed its work, IRE contended that Stafford-Smith's lien was time-barred. IRE attached a copy of its deed to the premises, which was recorded on January 9, 2006, to its motion. IRE subsequently amended its motion to dismiss to add that Stafford-Smith's lien claim was not verified as required by section 7 of the Act.

Construing IRE's motion to dismiss as a motion for summary judgment, the court granted the motion and dismissed count I of Stafford-Smith's complaint with prejudice. The court also found that there was no just reason to delay enforcement or appeal of its order dismissing count I in accordance with Supreme Court Rule 304(a) (210 Ill. 2d R. 304(a)). Stafford-Smith subsequently filed this timely appeal from that order.

Stafford-Smith now contends that the trial court erred in dismissing its complaint against IRE because IRE is an "owner" and not a "purchaser" of the premises in question within the meaning of section 7 of the Act (770 ILCS 60/1 *et seq.* (West 2006)). Therefore, Stafford-Smith maintains that it could record its lien more than four months after the date it completed work on the premises.

A section 2—615 motion to dismiss attacks the legal sufficiency of the complaint, alleging that the complaint is defective on its face. *Chandler v. Illinois Central R.R. Co.*, 207 Ill. 2d 331, 348, 798 N.E.2d 724, 733 (2003). In contrast, a section 2—619 motion to dismiss admits the legal sufficiency of the plaintiff's claim, but asserts certain defects or defenses outside the pleading that defeat the claim. 735 ILCS 5/2—619(a) (West 2006); *Solaia Technology, LLC v. Specialty Publishing Co.*, 221 Ill. 2d 558, 579, 852 N.E.2d 825, 838 (2006). Indeed, in ruling on a section 2—619 motion to dismiss, the circuit court may rely on

---

[2]Counts II and III also remain pending.

depositions and affidavits in addition to the pleadings. *Raintree Homes, Inc. v. Village of Long Grove*, 209 Ill. 2d 248, 262, 807 N.E.2d 439, 447 (2004).

■ Here, IRE labeled its motion to dismiss as one filed pursuant to section 2—615 of the Code of Civil Procedure. However, it relied on affirmative facts outside of the complaint, namely, that IRE did not acquire the property until January 9, 2006. Therefore, IRE's motion to dismiss should have been filed pursuant to section 2—619 of the Code of Civil Procedure, and the circuit court apparently recognized a problem with considering IRE's motion under section 2—615 when it referred to it as a motion for summary judgment in its order. Because Stafford-Smith has not been prejudiced by this improper labeling of the motion, we will treat IRE's motion as if it had been filed as a section 2—619 motion. *Gouge v. Central Illinois Public Service Co.*, 144 Ill. 2d 535, 541-42, 582 N.E.2d 108, 111 (1991); *Wheaton v. Steward*, 353 Ill. App. 3d 67, 69, 817 N.E.2d 1029, 1031 (2004). We review motions to dismiss filed under either section *de novo. Solaia Technology*, 221 Ill. 2d at 579, 852 N.E.2d at 838.

■ The purpose of the Mechanics Lien Act (770 ILCS 60/1 *et seq.* (West 2006)) is "to require a person with an interest in real property to pay for improvements or benefits which have been induced or encouraged by his or her own conduct." *Leveyfilm, Inc. v. Cosmopolitan Bank & Trust*, 274 Ill. App. 3d 348, 352, 653 N.E.2d 875, 877 (1995). The remedy afforded by the Act is in addition to the ordinary remedies available at common law. *Leveyfilm*, 274 Ill. App. 3d at 352, 653 N.E.2d at 878. Because the Act is a derogation of the common law, its provisions must be strictly construed. *Edward Electric Co. v. Automation, Inc.*, 164 Ill. App. 3d 547, 549, 518 N.E.2d 172, 174 (1987). Indeed, a mechanic's lien is valid only if each statutory requirement of the Act has been scrupulously observed. *Edward Electric*, 164 Ill. App. 3d at 549, 518 N.E.2d at 174.

Section 1 of the Act requires that a person must enter into a contract with the owner of the land, "or with one whom the owner has authorized or knowingly permitted" to contract with the person, to improve the land in order to be entitled to a lien. 770 ILCS 60/1 (West 2006); see also *Leveyfilm*, 274 Ill. App. 3d at 352, 653 N.E.2d at 878. Thus, in the context of a lessor-lessee relationship, an owner's interest is subject to a lien where the owner has authorized the tenant to contract for the improvements. *Leveyfilm*, 274 Ill. App. 3d at 352, 653 N.E.2d at 878.

■ Nevertheless, in order to perfect that lien, the contractor must record its lien claim in the office of the recorder of deeds in the county in which the property is located within a certain amount of time. 770

ILCS 60/7 (West 2006). In order to assert a lien against a third party, such as a "creditor or incumbrancer or purchaser" of the property, the contractor must record the claim within four months after it completed work. 770 ILCS 60/7 (West 2006); see also *Norman A. Koglin Associates v. Valenz Oro, Inc.*, 176 Ill. 2d 385, 391, 680 N.E.2d 283, 286 (1997). This four-month recording time requirement is intended to give third parties dealing with the property notice of the lien. *Norman A. Koglin Associates*, 176 Ill. 2d at 391, 680 N.E.2d at 286.

However, the need for notice is "less significant" when a contractor seeks to enforce a lien against a party with an ownership interest in the property. *Norman A. Koglin Associates*, 176 Ill. 2d at 391, 680 N.E.2d at 286. Thus, a contractor has two years from the date it completed work under the contract to record its lien claim against an owner. 770 ILCS 60/7 (West 2006); see also *Norman A. Koglin Associates*, 176 Ill. 2d at 391, 680 N.E.2d at 286. This scheme evidences the secondary purpose of the Act, which is to protect the innocent from having their interests in real estate encumbered by liens of which they may be unaware and have no reasonable opportunity to ascertain or avoid. See *In re Argonne Construction Co.*, 10 B.R. 570, 574 (Bankr. N.D. Ill. 1981).

Here, the parties do not dispute that IRE was not the owner of the premises when Max & Benny's was authorized to contract with Stafford-Smith, as contemplated by section 1 of the Act. Rather, Stafford-Smith claims that IRE is an owner for purposes of section 7 of the Act because IRE could have been a beneficial owner of the premises under the doctrine of equitable conversion at the time of the October 4, 2005, contract.

■ The doctrine of equitable conversion provides that when the owner of land enters into a valid and enforceable contract for its sale, the owner continues to hold the legal title to the land but does so in trust for the buyer. *Shay v. Penrose*, 25 Ill. 2d 447, 449, 185 N.E.2d 218, 219 (1962). Thus, the buyer becomes the equitable, or beneficial, owner. *Shay*, 25 Ill. 2d at 449, 185 N.E.2d at 219-20. The buyer is also considered to be holding the purchase money for the land in trust for the seller. *Shay*, 25 Ill. 2d at 449, 185 N.E.2d at 220. The doctrine of equitable conversion thus stems from the principle that equity regards as done that which ought to be done. *Shay*, 25 Ill. 2d at 449, 185 N.E.2d at 220. However, the doctrine is not without limitations. Because the doctrine is premised on carrying out the intentions of the parties to a contract, it has been held to have no effect on the rights of third parties to the contract. *First National Bank of Highland Park v. Boston Insurance Co.*, 17 Ill. 2d 147, 150-51, 160 N.E.2d 802, 804 (1959); see also *Argonne Construction Co. v. Norton*, 29 B.R. 731, 737

(1983) (declining to apply the doctrine against condominium purchasers who were merely beneficial owners at the time the seller contracted for improvements to the property).

Equitable conversion has been employed to subject property to a mechanics lien where the purchaser/beneficial owner has contracted for improvements to the property. See, *e.g.*, *Hickox v. Greenwood*, 94 Ill. 266, 269-70 (1880); *Mackey v. Sherman*, 263 Ill. App. 109 (1931) (and cases cited therein). Whether the seller/legal owner's interest in the property is also subject to the lien depends on whether the seller has knowledge of the purchaser's contract. *Mackey*, 263 Ill. App. at 122.

 Here, in contrast, Stafford-Smith seeks to employ the doctrine to define IRE as an owner for purposes of section 7 of the Act. Stafford-Smith maintains that because IRE recorded a deed evidencing its purchase of the property on January 9, 2006, IRE "must have been" a beneficial owner of the property at some unspecified earlier date "significantly before the deed was transferred." There is no evidence of such a contract in the record.

We decline to accept such an argument for three reasons. First, we will not engage in such speculation as to assume that IRE entered into a contract to purchase the property at some earlier date where there is no such suggestion in the record. There is similarly nothing in the record to suggest that IRE authorized Max & Benny's to contract with Stafford-Smith. Second, our research has revealed no cases employing the doctrine to impose a lien against a purchaser's interest in land as a result of a seller's failure to pay for improvements for which the seller contracted. See, *e.g.*, *Argonne Construction Co.*, 29 B.R. at 737. To extend the doctrine of equitable conversion in this manner would be for the benefit of a third party, namely, the contractor, which the doctrine was not designed to do. See, *e.g.*, *First National Bank of Highland Park*, 17 Ill. 2d at 150-51, 160 N.E.2d at 804. Third, to consider IRE an owner as opposed to a purchaser would deprive IRE of advance notice where IRE might not have been aware of the contract between Stafford-Smith and Max & Benny's because the contract predated IRE's ownership of the property. See *Norman A. Koglin Associates*, 176 Ill. 2d at 391, 680 N.E.2d at 286. This would run contrary to the Act's secondary purpose of protecting innocent parties from liens of which they may be unaware and have no opportunity to defend against.

Because IRE was not the owner at the time of the contract between Max & Benny's and Stafford-Smith, we find that IRE was a purchaser within the meaning of section 7 of the Act (770 ILCS 60/7 (West 2006)). Accord *Niles Construction Co. v. La Salle National Bank*, 119 Ill. App.

2d 1, 254 N.E.2d 535 (1969) (abstract of op.). Thus, to enforce its lien against IRE, Stafford-Smith would have had to record a proper lien claim within four months of the completion of its work under the contract. 770 ILCS 60/7 (West 2006). Stafford-Smith admits that it failed to do so here. Therefore, Stafford-Smith cannot enforce its lien claim against IRE or any other "creditor or incumbrancer or purchaser." *Apollo Heating & Air Conditioning Corp. v. American National Bank & Trust Co.*, 135 Ill. App. 3d 976, 980, 482 N.E.2d 690, 693 (1985).

Accordingly, we affirm the order of the circuit court of Cook County dismissing count I of Stafford-Smith's complaint against IRE with prejudice.

Affirmed.

GREIMAN and CUNNINGHAM, JJ., concur.