NOS. 4-08-0464, 4-08-0465 cons.   Filed 12/24/09

IN THE APPELLATE COURT

OF ILLINOIS

FOURTH DISTRICT

THE PEOPLE OF THE STATE OF ILLINOIS,   )   Appeal from
        Plaintiff-Appellant,        )   Circuit Court of
        v. (No. 4-08-0464)        )   Macon County
ONE THOUSAND TWO HUNDRED FORTY    )   No. 08MR14
DOLLARS ($1,240) UNITED STATES      )
CURRENCY,                         )
        Defendant-Appellee.       )
------------------------------------   )
THE PEOPLE OF THE STATE OF ILLINOIS,   )   No. 07MR530
        Plaintiff-Appellant,        )
        v. (No. 4-08-0465)        )
FOUR THOUSAND EIGHT HUNDRED FIFTY   )
DOLLARS ($4,850) UNITED STATES      )   Honorable
CURRENCY,                         )   Timothy J. Steadman,
        Defendant-Appellee.       )   Judge Presiding.
_____

MODIFIED UPON DENIAL OF REHEARING

      JUSTICE MYERSCOUGH delivered the opinion of the court:

      In January 2008, in case No. 08-MR-14, the State initiated nonjudicial forfeiture proceedings regarding $1,240 in United States currency police seized from Leland Deviner pursuant to the Drug Asset Forfeiture Procedure Act (Act) (725 ILCS 150/1 through 14 (West 2006)).  In February 2008, having received no claim from Deviner for return of the currency, the State declared it nonjudicially forfeited.  In March 2008, Deviner filed a claim on the property pursuant to section 14 of the Act (725 ILCS 150/14 (West 2006)) and a motion for judicial review.  In response, the State filed a motion to dismiss Deviner's claim on

the currency.

In August 2007, in case No. 07-MR-530, the State initiated nonjudicial forfeiture proceedings regarding $4,850 in United States currency that law-enforcement agents seized from Deeandre Woodland pursuant to the Act (725 ILCS 150/1 through 14 (West 2006)). In October 2007, after receiving notice of pending nonjudicial forfeiture, Woodland filed a combined claim on the property and a motion to dismiss the forfeiture action as un-timely.

On May 13, 2008, the trial court held consecutive hearings on Deviner's and Woodland's motions. Following the hearings, the court deemed the notice of nonjudicial forfeiture the State provided to Deviner and Woodland, and thereby the forfeitures themselves, untimely. The State appealed the ruling as to Deviner's motion (No. 4-08-0464) and that as to Woodland's motion (No. 4-08-0465).

Because both cases present the same issue on appeal, we consolidate them for purposes of our review. We dismiss for lack of jurisdiction.

I. BACKGROUND

A. Case No. 08-MR-14 (Appeal No. 4-08-0464)

On August 23, 2007, Decatur police performed a traffic stop on a vehicle driven by Deviner. During the stop, Deviner consented to a search of the vehicle, wherein police discovered

- 2 -

cannabis and $1,240 in United States currency. Police seized the currency and on January 11, 2008, 141 days later, notified the Macon County State's Attorney of the seizure. That same day, the State's Attorney sent Deviner notice of the pending forfeiture, which (1) described the seized property, i.e., $1,240 in United States currency; (2) described the date and location of when and where police seized the property; and (3) informed Deviner the property was subject to forfeiture under either the Cannabis Control Act (720 ILCS 550/1 through 19 (West 2006)) or the Illinois Controlled Substances Act (720 ILCS 570/100 through 603 (West 2006)). Deviner did not respond to the notice of pending forfeiture.

On February 19, 2008, 39 days after the State's Attorney notified Deviner of the pending forfeiture, the State's Attorney declared the currency nonjudicially forfeited and sent Deviner notice. Deviner filed a timely motion for judicial review of the forfeiture and an accompanying section 6(C) claim for the currency in accordance with section 14 of the Act (725 ILCS 150/14 (West 2006)). In his motion, Deviner argued the in rem proceeding against him was untimely pursuant to sections 5 and 6(A) (725 ILCS 150/5, 6(A) (West 2006)). In response, the State filed a motion to dismiss asserting Deviner's claim was "insufficient as a matter of law" because it failed to (1) "set forth the date, identity of the transferor, and circumstances of

- 3 -

[Deviner's] acquisition of the interest in the property" and (2) "set forth all essential facts supporting each assertion." The State's motion did not fault Deviner for failing to file a cost bond or an indigency affidavit as required by section 6(C)(2) of the Act (725 ILCS 150/6(C)(2) (West 2006)).

B. Case No. 07-MR-530 (Appeal No. 4-08-0465)

On April 18, 2007, law-enforcement agents in Decatur seized $4,850 in United States currency from Woodland. The specific circumstances surrounding the seizure are not reflected in the record on appeal, nor does the record reflect when law-enforcement agents notified the Macon County State's Attorney of the seizure. On August 30, 2007, 134 days after the seizure, the State's Attorney sent Woodland notice of the pending forfeiture, which (1) described the seized property, i.e., $4,850 in United States currency; (2) described the date and location of when and where law-enforcement agents seized the property; and (3) informed Woodland the property was subject to forfeiture under either the Cannabis Control Act (720 ILCS 550/1 through 19 (West 2006)) or the Illinois Controlled Substances Act (720 ILCS 570/100 through 603 (West 2006)).

The State never issued a declaration of nonjudicial forfeiture regarding the seized $4,850. On October 11, 2007, Woodland filed with the clerk of the court (1) an indigency

affidavit in lieu of a cost bond as required by section 6(C)(2) of the Act (725 ILCS 150/6(C)(2) (West 2006)), (2) a claim on the seized property under section 6(C)(1) (725 ILCS 150/6(C)(1) (West 2006)), and (3) a motion to dismiss the State's forfeiture action as untimely pursuant to the time limits set forth in sections 5 and 6(A) of the Act (725 ILCS 150/5, 6(A) (West 2006)).

C. The Trial Court's Finding of Untimeliness

The trial court held consecutive hearings in case Nos. 08-MR-14 and 07-MR-530 regarding the timeliness of initiating forfeiture proceedings under sections 5 and 6(A) of the Act. In June 2008, the court entered a written order dismissing the in rem forfeiture proceedings as untimely. The court reasoned the 52- and 45-day time limits set forth in sections 5 and 6(A) of the Act were mandatory, not permissive, and thus the State's Attorney's failure to initiate forfeiture proceedings against Deviner and Woodland within 97 days was untimely.

These appeals followed.

II. ANALYSIS

On appeal, the State contends the trial court erred in dismissing the in rem forfeiture proceedings as untimely. Specifically, the State argues the court improperly applied the collective 97-day time limit during which sections 5 and 6(A) of the Act (725 ILCS 150/5, 6(A) (West 2006)) mandate law-enforcement agencies notify the State's Attorney's office of seized

property subject to forfeiture and the State's Attorney's office notify property owners and interest holders their seized property is subject to forfeiture. Rather, the State argues the court should have applied the five-year statute of limitation from section 9(L) (725 ILCS 150/9(L) (West 2006)). We decline to address the State's arguments, as we find that we lack jurisdiction over this matter.

A. Forfeiture Procedures Under the Act

A brief overview of the forfeiture procedures set forth in the Act is necessary to understand the case at bar.

Enacted to deter drug abuse and trafficking within Illinois (725 ILCS 150/2 (West 2006)), the Act sets out both nonjudicial and judicial procedures for forfeiting property seized by law enforcement. Pursuant to the Act, the following forfeiture proceedings apply to seized nonreal property valued less than $20,000.

First, "[t]he law[-]enforcement agency seizing the property *** shall, within 52 days of seizure, notify the State's Attorney." 725 ILCS 150/5 (West 2006). After receiving notice from the law-enforcement agency, the State's Attorney has 45 days in which to notify all known interest holders of pending forfeiture. 725 ILCS 150/6(A) (West 2006). Notice is effective upon, inter alia, mailing of the written notice of pending forfeiture (725 ILCS 150/4(B) (West 2006)), which must include details

- 6 -

describing the property, circumstances of the seizure, and a summary of applicable procedures and procedural rights (725 ILCS 150/6(B) (West 2006)).

Upon effective notice, persons claiming an interest in the property have 45 days in which to (1) file a claim with the State's Attorney and (2) deposit with the State's Attorney either a cost bond or an indigency affidavit. 725 ILCS 150/6(C)(1), (C)(2) (West 2006). Once an interest holder files a claim and deposits a cost bond, the State's Attorney "shall institute judicial in rem forfeiture proceedings *** within 45 days." 725 ILCS 150/6(C)(2) (West 2006). After the State's Attorney does so, the procedures set forth under section 9 of the Act apply. See 725 ILCS 150/9 (West 2006).

Judicial forfeiture proceedings are initiated when a State's Attorney files a verified complaint for forfeiture under section 9. The State must proceed with (1) judicial forfeiture under section 9 if the value of the non-real property exceeds $20,000 or is real estate, or (2) nonjudicial forfeiture under section 6 if the value of the non-real property does not exceed $20,000. See 725 ILCS 150/6 (West 2006).

1. Nonjudicial Forfeiture Under Section 6

Where the non-real property does not exceed $20,000 and the seized property's owner and interest holder fails to file a claim and deposit a cost bond, the State must pursue nonjudicial

forfeiture under section 6.  If an owner or interest holder does not file a claim or deposit a cost bond with the State's Attorney in the nonjudicial forfeiture, the State's Attorney must declare the property forfeited and notify the owners, all known interest holders, and the Director of the Illinois State Police.  725 ILCS 150/6(D) (West 2006).  Nonjudicial forfeiture occurs where the State's Attorney declares the property forfeited and notifies the owner, known interest holders, and the Director of the Illinois State Police, who then disposes of the property "in accordance with law."  725 ILCS 150/6(D) (West 2006).

After the State's Attorney declares the seized property forfeited under section 6(D) and notifies the property owner, the owner receives an additional opportunity to avoid forfeiture. Pursuant to section 14, anyone with an interest in the forfeited property "may, within 30 days of the effective date of the notice of the declaration of forfeiture, file a claim and cost bond" as described in section 6(C).  725 ILCS 150/14 (West 2006).  Once a claimant complies with section 6(C) and complies with section 14 by filing a claim and cost bond within 30 days of notice, "the procedures described in [s]ection 9 *** shall apply," and judicial forfeiture proceedings commence again by the filing by the State's Attorney of a verified complaint for forfeiture.  725 ILCS 150/6(C), 14 (West 2006).

2. Judicial Forfeiture Under Section 9

- 8 -

Judicial forfeiture proceedings must be instituted by the State's Attorney by the filing of a verified complaint when either (1) the State's Attorney proceeds to judicial forfeiture on non-real property over $20,000 or real property or (2) after the property owner or an interest holder has filed a timely claim and cost bond under section 6(C) on non-real property under $20,000. Judicial forfeiture requires the State's Attorney (1) to file a verified in rem complaint for forfeiture and (2) "if the claimant has filed a claim and cost bond, [to] deposit[] the cost bond with the clerk of the court." 725 ILCS 150/9(A) (West 2006). Once the State's Attorney files a verified complaint, only owners or interest holders can then file an answer to the complaint. 725 ILCS 150/9(C) (West 2006). However, they must do so within 45 days of receiving service of the complaint. 725 ILCS 150/9(E) (West 2006).

After a claimant files an answer, the trial court must conduct a hearing within 60 days. 725 ILCS 150/9(F) (West 2006). During the hearing, the State "shall show the existence of probable cause for forfeiture of the property. If the State shows probable cause, the claimant has the burden of showing by a preponderance of the evidence that the claimant's interest in the property is not subject to forfeiture." 725 ILCS 150/9(G) (West 2006). However:

"If the State does not show existence of

probable cause or a claimant has established by a preponderance of evidence that the claimant has an interest that is exempt under [s]ection 8 of this Act, the court shall order the interest in the property returned or conveyed to the claimant and shall order all other property forfeited to the State."

725 ILCS 150/9(H) (West 2006).

Where the State establishes probable cause and the claimant fails to "establish by a preponderance of evidence that the claimant has an interest that is exempt under [s]ection 8 of this Act, the court shall order all property forfeited to the State."  725 ILCS 150/9(H) (West 2006).

Once an owner or interest holder files an answer to the State's verified complaint, at the in rem forfeiture proceeding, the trial court must determine whether the State had probable cause for seizing the property by "receiv[ing] and consider[ing], among other things, all relevant hearsay evidence and information."  725 ILCS 150/9(B) (West 2006).

### B. Jurisdiction

Although neither party raises the issue, this court has an obligation to ensure our appellate jurisdiction is proper. See Department of Central Management Services v. American Federation of State, County & Municipal Employees, 182 Ill. 2d 234,

238, 695 N.E.2d 444, 446 (1998). Here, we find neither we nor the trial court had jurisdiction to hear this matter because the State's Attorney failed to file a complaint for forfeiture in the trial court.

Once a claimant files a timely claim and cost bond for return of seized property, the State's Attorney must file a verified complaint for forfeiture to initiate judicial forfeiture proceedings and vest the trial court with jurisdiction. 725 ILCS 150/9(A) (West 2006). In both cases, the property owners filed timely claims for return of seized currency, but the State never filed a verified complaint, which would remove the forfeitures from being nonjudicial, administrative proceedings and place them within the trial court's jurisdiction.

1. <u>Case</u> <u>No.</u> <u>08-MR-14</u> (<u>Appeal</u> <u>No.</u> <u>4-08-0464)</u>

In case No. 08-MR-14, the State sent Deviner notice of pending forfeiture on January 11, 2008. Deviner did not respond. The State entered a declaration of nonjudicial forfeiture on February 19, 2008, at least 6 days too early, as Deviner had 45 days within which to file a cost bond. On March 13, 2008, Deviner simultaneously filed (1) a timely claim for return of his $1,240 pursuant to section 14 (725 ILCS 150/14 (West 2006) (interest holders in property declared nonjudicially forfeited may file a claim and cost bond as described in section 6(C))) and (2) a motion for judicial review of the nonjudicial forfeiture. We

note the record does not reflect whether Deviner filed a cost bond or indigency affidavit as required by section 14 along with his claim. However, the State does not take issue with this discrepancy in its brief and conceded at oral argument its failure to do so has resulted in the forfeiture of any argument related to the failure to file a cost bond or indigency affidavit.

In response to Deviner's claim and motion for judicial review, the State filed a motion to dismiss the forfeiture action. The trial court determined the initial notice of forfeiture the State's Attorney sent to Deviner was untimely. However, the court had no jurisdiction over either Deviner's motion for judicial review or the State's motion to dismiss because the State had never filed a verified complaint for judicial forfeiture. Section 9(A) required the State to file a verified complaint for forfeiture within 45 days following March 13, 2008, the date Deviner filed his claim with the State's Attorney. See 725 ILCS 150/9(A) (West 2006). Because the State never did so, the court had no jurisdiction--it could neither adjudicate nor dismiss a complaint that did not exist.

Deviner filed a motion for judicial review of the nonjudicial forfeiture proceeding on March 13, 2008, the same day he filed his claim for return of the property. Pursuant to section 9, the State's Attorney had 45 days after the filing of

Deviner's claim to file its verified complaint to effect the trial court's jurisdiction.  See 725 ILCS 150/9 (West 2006).  Thus, the errors here are threefold:  (1) the State's Attorney's declaration of nonjudicial forfeiture prior to the time in which Deviner had to file his claim with the State's Attorney was improper; (2) the State's failure to file a verified complaint, instead filing a motion to dismiss Deviner's motion for judicial review; and (3) the trial court lacked jurisdiction over both motions.  Because the trial court had no jurisdiction to preside over this matter, neither does this court.

2. <u>Case</u> <u>No.</u> <u>07-MR-530</u> (<u>Appeal</u> <u>No.</u> <u>4-08-0465</u>)

In case No. 07-MR-530, the State's Attorney sent Woodland notice of pending nonjudicial forfeiture on August 30, 2007.  On October 11, 2007, Woodland timely filed an indigency affidavit in lieu of a cost bond and a claim for return of the $4,850 as required by section 6(C)(2).  Along with the claim, Woodland also filed a motion to dismiss the nonjudicial forfeiture action.  The trial court again lacked jurisdiction over Woodland's motion to dismiss because the State's Attorney had not yet filed a verified complaint.  See 725 ILCS 150/9(A) (West 2006) ("within 45 days of *** the filing of the claim and [indigency affidavit], *** the State's Attorney shall institute judicial forfeiture proceedings by filing a verified complaint for forfeiture").  Instead, the trial court conducted a hearing on Woodland's motion to dismiss

- 13 -

the nonjudicial forfeiture proceeding, a matter over which the court had no jurisdiction.  Woodland had to file his own verified claim with the State's Attorney for the return of his property, and the State's Attorney had then to file a verified complaint thereby commencing the judicial forfeiture proceeding.  Because the latter never occurred, the court lacked jurisdiction.

### III. CONCLUSION

For the reasons set forth above, we dismiss both causes for lack of jurisdiction.

Causes dismissed.

APPLETON and POPE, JJ., concur.